UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**LAKEISHA VARNADO, ET UX**            **CIVIL ACTION**

**VERSUS**

**JOSEPH CARBONI, ET AL**            **NO.: 24-133-SDD-RLB**

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS; ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**

**MAY IT PLEASE THE COURT:**

NOW COMES, the City of Baton Rouge/Parish of East Baton Rouge ("City/Parish"), through undersigned counsel, who respectfully submits this memorandum in support of its Motion to Dismiss; Alternatively, Motion for a More Definite Statement, wherein it requests this Honorable Court to dismiss Plaintiff's claims raised against the City/Parish herein with prejudice, or in the alternative, for a more definite statement for the following reasons:

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs' First Amended Complaint, Rec. Doc. 9, offers a brief iteration of Plaintiffs' encounter with members of the Baton Rouge Police Department ("BRPD") on June 6, 2023. That date, BRPD officers executed a search warrant (signed by Judge Tarvald Smith) for the residence at 1534 Aster Street in Baton Rouge, Louisiana. The search warrant was based upon "ShotSpotter" activation at 1534 Aster Street, which recorded 22 rounds fired in a machine gun or automatic rounds firing array. Exhibit 1, Affidavit of Probable Cause dated June 6, 2023.[1]

The parties have submitted a Joint Status Report. There is no trial date set for this matter.

---

[1] File No. J-2300003999. The City/Parish reserves the right to assert the Heck bar, if applicable, upon conclusion of the criminal matter(s) associated hereto where they remain active.

**STANDARDS OF LAW**

I.    **Rule 12(b)**

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege enough facts to state a claim to relief that is plausible on its face and fails to raise a right to relief above the speculative level." *National Bi-Weekly Admin. Inc. v. Belo Corp.,* 512 F. 3d 137, 140 (5th Cir. 2007). "A legally sufficient complaint does not need to contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In order to avoid dismissal, for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 667 F. 2d 1045 (5th Cir. 1982).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may move to dismiss the plaintiff's claims for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To survive such a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual content. *Id.* at 686. In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

On a Rule 12(b)(6) motion to dismiss, a court limits its review "to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

II. **Rule 12(e)**

When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8. *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006); *see* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. *Adams v. Southland Trace*, 2012 WL 12986191, at *5 (M.D. La. Feb. 29, 2012). The trial judge is given considerable discretion in deciding whether to grant a Rule 12(e) motion. *Id*. Finally, a Rule 12(e) motion is not a substitute for the discovery process. *Ford v. Cain*, 2016 WL 447617, at *2 (M.D. La. Feb. 4, 2016). *Louisiana State Conference of National Association for Advancement of Colored People v. Louisiana*, 490 F.Supp.3d 982, 1023 (M.D.La. 2020).

3

**LAW & ARGUMENT**

Plaintiffs raise ten claims[2] against the City/Parish: four based in federal law and six based in state law and/or state constitutional violations. None of the four federal law claims rise to the level of a well-pled cause of action against the City/Parish under the circumstances. Following, the six claims based in state law fail or otherwise should not be afforded supplemental jurisdiction. Alternatively, the allegations supporting each of the ten claims require more definite statements of fact to satisfy their pleading requirement. Attached is the probable cause affidavit, which details the search warrant Plaintiffs refer to within their First Amended Complaint. *See* Rec. Doc. 9 at 28, ¶124.

### I. Counts V and VI – *Monell* claims for Count I (unlawful seizure) and Count II (unlawful search)

To prevail on a widespread practice or custom claim, a plaintiff must show that similar unconstitutional acts "have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct." *Zarnow*, 614 F.3d at 169 (citing *Webster*, 735 F.2d at 842). That is, a pattern requires "sufficiently numerous prior incidents," not "[i]solated instances." *McConney v. City of Hous.*, 863 F.2d 1180, 1184 (5th Cir. 1989). A pattern requires similarity and specificity; '[p]rior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question.' " *Peterson v. City of Fort Worth,* 588 F.3d 838, 851 (5th Cir. 2009) (quoting *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005))). A pattern requires specificity and a sufficient number of prior events. *See*

---

[2] Count V (Monell liability for unlawful seizure), Count VI (Monell liability for unlawful search), Count VII (Monell liability for excessive force), Count VIII (failure to train, supervise, and discipline), Counts IX-XII (state law battery, assault, intentional infliction of emotional distress, and negligence), and Counts XIII-XIV (State Constitutional violations under Article I, Sections 2, 5). Rec. Doc. 9 at 18-31.

4

*Hicks-Fileds v. Harris County, Texas*, 860 F.3d 803 (5th Cir. 2017); *Estate of Henson v. Wichita County, Texas*, 795 F.3d 456 (5th Cir. 2015); *Peterson,* 588 F.3d 838 (5th Cir. 2009); *Estate of Davis Ex Rel. McCully,* 406 F.3d 375 (5th Cir. 2005); *Pineda v. City of Houston*, 291 F.3d 325 (5th Cir. 2002); *McConney v. City of Houston*, 863 F.2d 1180 (5th Cir. 1989); *Webster*, 735 F.2d 838 (5th Cir. 1984).

In *Lewis v. Huval,* 2020 WL 2544811 at *10 (W.D. La. 5/4/2020), the district court granted a Rule 12(b)(6) Motion to Dismiss due to Plaintiff's failure to offer specific facts in support of his Monell claim for unlawful seizure, excessive use of force, and inadequate training, supervision, and discipline. The district court cited Piotrowski and *Bd. of Comm'rs of Bryan County* to emphasize the importance of the pattern and frequency consideration of establishing a valid *Monell* claim: "[I]solated unconstitutional actions by municipal employees will almost never trigger liability." *Id.* at 578. Indeed, "the touchstone for establishing customary policy is a persistent and widespread practice." *Id.* at 581.

Plaintiffs contend that the City/Parish's police department has a practice, custom, and informal policy of false arrests, unlawful seizures, excessive force, and unconstitutional searches (claimed formal policy as well). Rec. Doc. 9 at 20, ¶107. Plaintiffs also maintain the City/Parish continued its custom and policy of unconstitutional strip searches to date since the 2016 *Percle* jury verdict. However, BRPD's Chief of Police at all times pertinent herein, Murphy Paul, was not the chief of police during the *Percle* arrest or trial. Chief Paul began his tenure more than two years following the *Percle* trial in 2018. It would be imbalanced to attribute any and all preceding events involving the police department before Chief Paul began his duties.

Substantively, Plaintiffs fail to offer any factual connections to the circumstances surrounding *Percle* or *Green* with this matter. Equally distinguishable on different grounds,

5

*Mealey* and *Hardnett* are ongoing matters brought near in time to this matter. Lastly, the *Tennart* protester suit has very little relevance, if any, to this matter sans the general claims for use of force, false arrest, and the like.

Here, the First Amended Complaint fails to identify specific information through the five referenced cases/events (e.g., *Percle*, *Green*, *Mealey*, *Hardnett*, and *Tennart*) that aid Plaintiffs' claims associated to the facts of their case. Rec. Doc. 9 at 20-22. Namely, Plaintiffs fail to show whether any searches from the aforementioned list took place as a result of an arrest warrant, search warrant, incident to arrest, incident to traffic stop; whether the individuals therein were residents of a lawfully searched property or vehicle as opposed to unknown guests; whether flight from an officer took place from which force was utilized to subdue a fleeing suspect; or whether the individuals being detained demonstrated to a reasonable officer that he or she may likely be concealing a weapon or drugs, *inter alia*.

Without these specific facts to prove a pattern, practice, or custom, one cannot be presumed as such. Plaintiffs may not rely upon conclusory or generalized suppositions to set forth a policy or practice of committing unlawful seizures and/or searches similar to that alleged to have occurred upon Plaintiffs. Accordingly, Plaintiffs have failed to state a sufficiently well-pled set of facts to support a *Monell* cause of action against the City/Parish under the circumstances.

## II.     Count VII - *Monell* claim for Excessive Force

Plaintiffs contend that retention of officers that violate Constitutional rights or officers whose backgrounds reveal bad information can establish the requisite deliberate indifference threshold for a *Monell* claim. Rec. Doc. 9 at 19, ¶¶ 103-104. However, Plaintiff does not submit how any officers named herein were retained under either circumstance. Instead, Plaintiffs offer

6

thirteen examples of generalized excessive force without identification of the actors or the factual circumstances of the arrests and uses of force. Of the four named individual defendants, Plaintiffs submit a single case involving Lorenzo Coleman dating back to 2008. Such an isolated event sixteen years ago does not satisfy the retention or pattern components regarding Officer Coleman or the City/Parish.

Plaintiff also highlights the shooting of Alton Sterling and the 2016 protest arrests. Two starkly distinct events to this matter and to each other: use of deadly force and protest arrests do not involve strip searches or similar arrest circumstances as those pled herein. Others from Plaintiffs' list are ongoing, disputed events and were filed closer in time to this matter (e.g., Raheem Howard, Jeremy Lee). Meanwhile, the remainder of events were either not brought formally through any mechanism of complaint, or otherwise, reached amicable resolution prior to adjudication. Additionally, *Percle* and *Green* matters alluded to within Plaintiffs' list consist of two isolated and distinct events, both which predate Chief Paul and neither of which carry the circumstances of the search warrant for Plaintiffs' residence attributed to the machine gun-style firing as captured by ShotSpotter and as reported by the neighbors to police.

Lastly, Plaintiffs' brief recitation of three years of settlements does not infer culpability. Even in the event where such an inference is improperly assumed, Plaintiffs offer nothing to substantiate how any of those events are factually related beyond generalized claims for unlawful arrest/seizure, search, use of force, and the typical myriad of claims associated to an arrest event. Similarly, no factual matters therein that have been shown to reflect a pattern, practice, or custom of unlawful police behavior are pled as being consistent with the allegations raised now in this matter.

There are thousands of arrest events annually performed by members of the City/Parish's police department, including the officers named herein, where no false arrest, unlawful search and/or seizure, excessive force, or other Constitutional-based claims have been lodged. Equally, there are many civil lawsuits where those types of causes of action are dismissed in favor of the officers. This is why the specificity requirement is crucial to the determination of whether or not Plaintiffs have asserted a well-pled cause of action. Conclusory or summary allegations that because a lawsuit is filed or even that a settlement took place is not sufficient to address the fact-pleading inquiry for practice or custom.

### III.     Count VIII – Failure to train, supervise, and discipline

Plaintiffs have offered no specific details in any light as to how any officer(s) was either completed untrained or inadequately trained for Fourth Amendment searches and seizures. To prevail on a failure-to-train theory, Plaintiffs must plead facts plausibly establishing "(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." *Ratliff v. Arkansas County, Texas*, 948 F.3d 281 (5th Cir. 1/15/2020) (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010)); see also *Washington v. Smith*, 639 F.Supp.3d 625 (E.D.La. 2022).

> The same rationale is applied to failure to supervise and failure to discipline claims:
>
> A failure to supervise or train claim arises when the plaintiff shows that (1) the defendant failed to supervise or train the alleged bad actor, (2) there is a causal connection between the infringement of the plaintiff's constitutional rights and the lack of supervision or training, and (3) the failure to supervise or train exhibited deliberate indifference to the plaintiff's constitutional rights. *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018). The infringement of the plaintiff's constitutional rights must be an "obvious" and "highly predictable" consequence of the failure to train. *Culbertson v. Lykos*, 790 F.3d 608, 625 (5th Cir. 2015) (internal quotation marks and citation omitted). Additionally, relief will not typically be available absent a showing of a pattern of constitutional

violations, as opposed to a single incident. *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 286 (5th Cir. 2002). *Parker v. Blackwell*, 23 F.4th 517, 525 (5th Cir. 01/13/2022).

In *Parker*, the plaintiff's allegations fell short. The Fifth Circuit found Parker's allegations to be generic at best, providing no specific facts that rise above the speculative level.

> Parker merely alleges that Blackwell's supervision was "grossly inadequate," that Blackwell "breached [his] duty to provide Defendant McClure with adequate supervision," and that such a failure was a "producing and proximate cause of ... Parker's injuries." Parker does not allege any facts regarding the lack of a training program, nor are there allegations that the alleged abusive conduct occurred with such frequency that Blackwell was put on notice that training or supervision was needed. Rather, Parker merely provides a formulaic recitation of the elements of a failure to train and supervise claim. *Id*.

"In order for 'liability to attach based on an "inadequate training" claim, a plaintiff must allege with specificity how a particular training program is defective.'" *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 170 (5th Cir. 2010) (quoting *Roberts*, 397 F.3d at 293). In order to establish deliberate indifference, their claim must fall within the "extremely narrow" single-incident exception, typically reserved for incidents in which the government actor was provided no training at all. *Valle v. City of Houston*, 613 F.3d 536, 549 (5th Cir. 7/30/2010); *Hutcheson v. Dallas County, Texas*, 994 F.3d 477, 483 (5th Cir. 4/21/2021).

Here, Plaintiffs failure-to-train pleadings are insufficient with respect to the element of causation. The First Amended Complaint simply contends that Officer Carboni "was inadequately trained in Fourth Amendment seizures and searches." Rec. Doc. 9 at 22, 108. The pleading continues by stating in conclusory fashion that the inadequate training actually caused the Plaintiffs' injuries. *Id*. However, there are no specific allegations pled supporting the plausible causation inference. The same conclusory assertions are made toward supervision and discipline. *Id*. at 22-23, 109-111. Accordingly, Plaintiffs' allegations are merely legal conclusions, which do not state a claim for relief and warrants dismissal under Rule 12(b)(6).

## IV. Counts IX through XII – battery, assault, intentional infliction of emotional distress, and negligence; Counts XIII and XIV – State Constitutional violations under Article I, Sections 2 and 5

Where Plaintiffs' state law claims remain without a federal question, the City/Parish requests that the Court decline supplemental jurisdiction over any remaining state law claim(s).

## V. More definite statement needed to remedy pleading shortcomings.

In the alternative, a more definite statement of fact associated to the events of Plaintiffs' arrest will assist the City/Parish in properly responding to and defending against the claims of the First Amended Complaint based upon the limited facts provided as to the actual interaction between law enforcement officers and the residents present during the search warrant execution.

> When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8. *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc*., 235 F.R.D. 632, 633 (E.D. La. 2006); *see* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Given the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored. *Adams v. Southland Trace*, 2012 WL 12986191, at *5 (M.D. La. Feb. 29, 2012). The trial judge is given considerable discretion in deciding whether to grant a Rule 12(e) motion. *Id*. Finally, a Rule 12(e) motion is not a substitute for the discovery process. *Ford v. Cain*, 2016 WL 447617, at *2 (M.D. La. Feb. 4, 2016). *Louisiana State Conference of National Association for Advancement of Colored People v. Louisiana*, 490 F.Supp.3d 982, 1023 (M.D.La. 2020).

Here, Plaintiffs' limited descriptions of the traffic stop do not itemize any individual actions of each officer. Interestingly, the First Amended Complaint spends expansive time describing irrelevant circumstances outside of Plaintiffs' June 6, 2023 interaction with police. Accordingly, and despite the disfavor of Rule 12(e) motions, a more definite statement is an alternative measure to assist the fact-finder and the defendants in ascertaining what information Plaintiff relies upon to assert her claims.

**CONCLUSION**

For the foregoing reasons, the defendant, the City/Parish, prays that this Motion to Dismiss be granted and that the claims against them be dismissed with prejudice for failure to state a claim upon which relief can be granted, at Plaintiffs' cost, and for all other legal and equitable relief justified by the premises.

Alternatively, the City/Parish prays that this Motion for a More Definite Statement be granted such that Plaintiffs must amend their pleading to set forth well-pled facts surrounding the events of the arrests and the events leading to the alleged constitutional deprivation of rights against Plaintiffs.

**RESPECTFULLY SUBMITTED:**
**A. GREGORY ROME**
**PARISH ATTORNEY**

**/s/ Michael P. Schillage**
**Michael P. Schillage (#35554)**
**Sr. Special Assistant Parish Attorney**
222 St. Louis Street, Suite 902
Baton Rouge, Louisiana 70802
Telephone:   (225) 389-3114
Facsimile:   (225) 389-8736
Email: mschillage@brla.gov
*Attorney for Defendant, City of Baton Rouge/Parish of East Baton Rouge*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was this date sent to all counsel of record by electronic mail to the email address listed with the Court's electronic filing system, facsimile, and/or U.S. mail, postage prepaid and properly addressed. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, postage prepaid, and properly addressed.

Baton Rouge, Louisiana this 1st day of July, 2024.

       **/s/ Michael P. Schillage**
       **MICHAEL P. SCHILLAGE**