UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LAKEISHA VARNADO, et al.
   Plaintiffs,

v.            No.  3:24-cv-00133-SDD-RLB

JOSEPH CARBONI., et al.
   Defendants.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT**

**CONCISE STATEMENT**

   Plaintiffs respectfully submit this opposition to Defendant East Baton Rouge City/Parish's motion to dismiss and for more definitive statement. The defendant's motion attempts to advance a set of facts and standards that relieve them of their obligation to respond to a complaint that states a plausible claim for relief, and to participate in discovery. Plaintiffs assert that the motion should be denied because City/Parish's motion lacks merit for dismissal of claims pursuant to 12(b)(6) and fails to prove why a more definitive statement is warranted under 12(e), because when accepted as true, all of the factual allegations contained in the complaint allows this court to draw inferences in favor of the nonmoving party. Furthermore, plaintiffs' complaint sets forth 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'

**STANDARD OF REVIEW**

**I. Jurisprudence**

   To withstand a challenge under Rule 12(b)(6), "a complaint must set forth 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[1] A court reviewing a motion to dismiss under Rule 12(b)(6) must "accept as true all of the factual allegations contained in the complaint and draw[ ] all inferences in favor of the nonmoving

---

[1] *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

party."[2] Moreover, "[a] complaint survives a motion to dismiss even if there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible.'"[3] Even if the defendant believes that its version will "prove to be the true one . . . that does not relieve the defendant of [its] obligation to respond to a complaint that states a plausible claim for relief, and to participate in discovery."[4]

Furthermore, the holdings articulated by the Supreme Court of the United States regarding Rule 8(a)(2) of the Federal Rules of Civil Procedure are clear that all that is required for pleadings is "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."[5] The Supreme Court goes on in the *Iqbal* decision to state that:

> "A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the **reasonable inference** that the defendant is liable for the misconduct alleged."[6]

Additionally, **a court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff."**[7] Moreover, in *Caudill v. Farmland Industries,* the court defines what *reasonable inferences* are, stating: "inferences which may be drawn from the **evidence** *without resort to speculation.*"[8] However, evidence is typically not gained until the discovery phase of the litigation. Furthermore, federal courts have articulated that **courts may not apply a "heightened pleading standard"—more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a)—in civil rights cases alleging municipal liability under 1983.**[9] Thus, it is undersigned counsel's contention that the instant *Complaint* should be liberally construed[10] and viewed

---

[2] *Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014).
[3] *Banneker Ventures, LLC v. Graham,* 798 F.3d 1119, 1129 (D.C. Cir. 2015) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).
[4] *Id.*
[5] *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
[6] *Iqbal* 556 U.S. at 678.
[7] *Lormand v. U. S Unwired, Inc.*, 565 F. 3d 228, 232-33 (5th Cir.2009); Baker v. Putnal, 75 F, 3d 190, 196 (5th Cir.1996).
[8] *Caudill v. Farmland Industries, Inc.* 919 F.2d 83, 86 (11/15/90).
[9] *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).
[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 68 Fed. R. Serv. 3d 661 (2007).

in the light most favorable to plaintiff.[11] Complaints maintain that the complaint in question has enough factual matter–when taken as true–for the complaint to raise a reasonable expectation that **discovery** will reveal evidence of the Defendants' unconstitutional behavior.[12] Wherefore, Plaintiffs maintain that the following analysis illustrates that the plaintiff's complaints are well-pleaded **and** sets forth '**factual content** that allows this court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

II. **Recent Ruling of this Court**

On July 12, 2024, this Honorable Court ruled that as written, BRPD's current strip-search policy did not require probable cause for strip searches and was in violation of well established Supreme Court case law. The Court specifically stated that:

> "Because the United States Supreme Court has plainly held that probable cause is required to go beyond a frisk or pat-down of a citizen during an investigatory stop, the Court finds that General Order No. 281, Section III.C is unconstitutional on its face and must be enjoined. This holding does not apply to any other provisions in General Order No. 281."

Wherefore, Plaintiffs in the instant matter maintain that this ruling, coupled with "Section B"[13] of their complaint related to the "Stop and Strip" policy clearly lays out facts which are sufficient to put City/Parish on notice of the unconstitutional acts being alleged by Plaintiffs.

**ARGUMENT**

Plaintiff's complaint states a claim upon which relief may be granted. Through the original and First Amended Complaint, Plaintiffs brought claims of (1) Unreasonable Seizure, (2) Unreasonable Search, (3) Failure to Intervene, (4) Excessive use of Force, (5) *Monell* liability (6) Failure to Train, Supervise, and Discipline, (7) Eighth and Fourteenth Amendments violations for

---

[11] *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (abrogated on other grounds by, Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)), Third Circuit : Havens v. Mobex Network Services, LLC, 820 F.3d 80 (3d Cir. 2016), cert. denied, 2016 WL 4944647 (U.S. 2016), Sixth Circuit: Binno v. American Bar Association, 826 F.3d 338, 333 Ed. Law Rep. 47 (6th Cir. 2016), *Eleventh Circuit: Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 77 Fed. R. Serv. 3d 1059 (11th Cir. 2010), *D.C. Circuit: Williams v. District of Columbia*, 771 F. Supp. 2d 29, 268 Ed. Law Rep. 866 (D.D.C. 2011).
[12] *Supra,* note 6.
[13] Lines 38-52 of the Amended Complaint.

Subjected to Verbal Violence to Cruel and Unusual Punishment by Inflicting Sexual Physical Harm and Emotional Distress. The City/Parish raises points in support of its contention that the plaintiff's complaint should be dismissed. Specifically, (1) Plaintiffs failed to provide these specific facts to prove a pattern, practice, or custom, or a policy of committing unlawful seizures and/or searches similar to that alleged to have occurred upon Plaintiffs; (2) Plaintiffs provided only conclusory statements as it relates to false arrest, unlawful search and seizure, excessive force, and other constitutional-based claims; and (3) failed to provide specific instances of failure to train, supervise, and discipline.

However, Plaintiffs herein contend that their 34 page complaint contains sufficient detail of the factual allegations raised and goes "beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action" and meets the *Twombly*[14] standard. Wherefore, Plaintiffs contend that the Defendant City/Parish's Motion to Dismiss/Motion for More Definitive Statement should be denied with prejudice.

### I. *Federal Law Claims*

#### A. *Count V- Monell liability for Unreasonable Seizure and Count VI - Monell liability for Unreasonable Search*

Defendant maintains that petitioner fails to identify specific information through the five referenced cases/events (e.g., Percle, Green, Mealey, Hardnett, and Tennart) that aid Plaintiffs' claims associated with the facts of their case. He goes on to state that we fail to provide whether any searches from the aforementioned list took place as a result of an arrest warrant, search warrant, incident to arrest, incident to traffic stop; whether the individuals therein were residents of a lawfully searched property or vehicle as opposed to unknown guests; whether flight from an officer took place from which force was utilized to subdue a fleeing suspect; or whether the individuals being detained demonstrated to a reasonable officer that he or she may likely be concealing a weapon or drugs, inter alia. (Pg. 6 of Defendant's Motion to Dismiss). However, this is contradictory to the well

---

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

4

> "[A] challenge under Rule 12(b)(6), "a complaint must set forth '**factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.**'"[15] A court reviewing a motion to dismiss under Rule 12(b)(6) must "accept as true all of the factual allegations contained in the complaint and draw[ ] all inferences in favor of the nonmoving party."[16] Moreover, "[a] complaint survives a motion to dismiss even 'if there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible.'"[17] Even if the defendant believes that its version will "prove to be the true one . . . that does not relieve the defendant of [its] obligation to respond to a complaint that states a plausible claim for relief, and to participate in discovery."[18]

In the instant matter, under "Counts V and VI" in Line 101 of the Complaint, Plaintiffs specifically "repeats and reallege all of the paragraphs in this complaint as if fully set forth herein against BRPD and all municipal defendants." The Complaint on its face clearly illustrates that Plaintiffs provided factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, specifically Lines 11-36 and 38-52 whereby Plaintiffs laid out the facts and violations. Further, Plaintiffs contend that the Complaint went above the standard by providing the defendants with which specific theories of *Monell* liability they were claiming, stating:

> "Plaintiffs bring a Monell claim under theories 1, 4, 5, 6, 7 and 8:
> **1.** The express policy being the unconstitutional BRPD search policy;
> **4.** Improper retention practices (the choice by BRPD to retain officers like Tafari Beard, Lorenzo Coleman, and Joseph Carboni and others despite history of repeated misconduct and violence);
> **5.** Improper supervision/discipline (the complete breakdown of accountability at BRPD);
> **6.** Deficient training (the failure to meaningfully train officers on constitutional search practices and policing);
> **7.** Pattern of misconduct (the hundreds or thousands of Baton Rouge citizens abused on the streets and at the law enforcement black sites in a manner similar to Plaintiffs); and
> **8.** Chief Paul as the final policy maker ratified the actions of his officers by failing to amend BRPD's unconstitutional strip search policy and by failing to train or supervise officers who the department knew violated citizens constitutional rights."

---

[15] *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[16] *Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014).
[17] *Banneker Ventures, LLC v. Graham,* 798 F.3d 1119, 1129 (D.C. Cir. 2015) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).
[18] *Id.*

5

Plaintiffs have continued this step further by providing defendants with three cases whereby BRPD was accused of committing similar violations as those alleged by Plaintiffs in Counts V and VI.[19]

### B. *Count VII - Monell claim for Excessive Force*

Plaintiff contends that the Defendant City/Parish attempts to shift the burden by mis-applying the standard for a 12(b)(6) Motion to Dismiss. As cited in full above, "a challenge under Rule 12(b)(6), "a complaint must set forth '**factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.**'"[20] Specifically, Plaintiff's complaint provided 13 case examples/instances of excessive force from 2007-2023 by BRPD officers which they contend put City/Parish on notice of a pattern and practice of the unconstitutional practice of using excessive force by its officers. Further, plaintiffs also provided the Defendants with which theories of *Monell* they alleged made them liable for the actions of their officer/employees. Those being theories 4, 5, 6, 7 and 8. Wherefore, Plaintiff contends that Section VII of the complaint provided Defendants with facts which were sufficient for them to draw reasonable inference as to their alleged liability for the misconduct of their officers.

### C. *Count VIII – Failure to train, supervise, and discipline*

Plaintiff maintains that Defendant City/Parish's motion alleges deficiencies in *Sections V-VIII* of the Complaint while ignoring the jurisprudence which requires parties and reviewing courts to look at the totality of the Complaint.[21] In this case, Plaintiffs call the court's attention to Lines 101, 112, 122, and 136 of the amended Complaint whereby the Plaintiffs "repeat and reallege all of the paragraphs in this complaint as if fully set forth herein" which include the alleged conduct of the BRPD Officers that violated the Plaintiffs rights and exposed the City/Parish to *Monell* liability.

---

[19] *See* Line 107, Pages 20-22 of Amended Complaint.
[20] *Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[21] *Autor v. Pritzker*, 740 F.3d 176, 179 (D.C. Cir. 2014). Referencing the "factual allegations contained in the complaint. . ." Meaning that the complaint shall be taken in whole and not piecemealed to fit one's position.

Further, in those Plaintiffs specifically lay out instances of failure to train, supervise, and discipline, stating:

> "Plaintiff maintains that the City of Baton Rouge, the Parish of East Baton Rouge and Chief Paul have failed to supervise and discipline BRPD officers when they violate a person's constitutional rights. As illustrated above, BRPD officers have a long history of violating these rights. Further illustrative of the government's failure to supervise and discipline its deputies for violations of persons constitutional rights, is the fact that despite complaints filed by several citizens against members of the Street Crimes Unit in 2023, the department did not discipline those officers for direct violations of department policy as it relates to the Baton Rouge Police Department Policy and Procedure Manual:
> 
> A. General Order No. 106
> B. General Order No. 107 Law Enforcement Code of Ethics/ Oath of Office;
> C. General Order No. 108 Bias Based Profiling;
> D. General Order No. 112
>    - 3:19;
>    - 3:22;
>    - 3:23;
> E. General Order No. 131;[22]
> F. General Order No. 135;
> G. General Order No. 135.1;
> H. General Order No. 213- Departmental Temporary Detention Facilities;
> I. General Order No. 271;
> J. General Order No. 281;
> K. Intra Divisional Procedure 502/15-1"

Therein, Plaintiffs provided City/Parish with instances of failure to train as well as the specific general orders of the Baton Rouge Police Department Policy and Procedure Manual where they allege the deficiencies stem from a failure to retrain, supervise, and discipline.

II. *State Law Claims A. Counts IX through XII – battery, assault, intentional infliction of emotional distress, and negligence; B. Counts XIII and XIV – State Constitutional violations under Article I, Sections 2 and 5*

Supplemental jurisdiction only exists in the situation where a lawsuit consists of more than one claim, and the federal court has valid jurisdiction (either diversity jurisdiction or federal question jurisdiction) over at least one of the claims. In that situation, if the federal claim and the other claims arise out of a "common nucleus of operative fact," then the court may exercise supplemental jurisdiction to hear the other claims as well.[23]

---

[22] **General Order No. 131**– Procedures– III. Use of Deadly Force–C. A report shall be submitted whenever an employee takes an action that results in (or is alleged to have resulted in) injury or death of another person.

[23] *United Mine Workers v Gibbs*, 383 US 715 (1966).

Given the above, Plaintiffs contend that Defendant City/Parish fails to meet the standard under 12(b)(6) to dismiss their instant Complaint and federal question. Wherefore, for judicial efficiency, Plaintiffs contend that the Court should continue to exercise supplemental jurisdiction over their state law claims.

### III. More Definitive Statement

In their *Motion for a More Definitive Statement*, City/Parish also contends that the Court should order the Plaintiffs to provide them with a more definitive statement to remedy alleged shortcomings. However, their own *Memorandum in Support* concedes that the standard the Court should apply is Fed. R. Civ. P. 8(a)(2) which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." As more fully explained herein above, Plaintiff contends that their Complaint went above and beyond the standard and plead sufficient facts. Further, Plaintiffs contend that additional facts cannot be provided without moving to the discovery phase.

### CONCLUSION

For the foregoing reasons, Defendant City/Parish's motion to dismiss and for more definitive statement should be denied.

Respectfully Submitted,

/S/: Ryan K. Thompson
_____
Ryan K. Thompson, LA Bar #38957
Attorney for Plaintiff
12605 South Harrell Ferry Rd Ste 5,
Baton Rouge, LA 70816
T: (323)271-8032
E: RKTsocialjustice@gmail.com
TRIAL ATTORNEY

/S/: Jessica F. Hawkins
_____
Jessica F. Hawkins, LA Bar #38263

Attorney for Plaintiff
P.O. Box 5072
Baton Rouge, LA 70802
T: (915)217-9192
E: jessicahawkins0421@gmail.com