**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**LAKEISHA VARNADO, ET UX**　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**JOSEPH CARBONI, ET AL**　　　　　　　　　　　　**NO.: 24-133-SDD-RLB**

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS;**
**ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**

**MAY IT PLEASE THE COURT:**

NOW COMES, the City of Baton Rouge/Parish of East Baton Rouge ("City/Parish"), through undersigned counsel, who respectfully submits this reply memorandum in support of its Motion to Dismiss; Alternatively, Motion for a More Definite Statement, as follows:

## LAW & ARGUMENT

Plaintiffs rely upon formulaic and general principles of pleading requirements without response to the more precise application of their factual allegations to those requirements, which do not afford the same deference for conclusory allegations, legal conclusions, or rebutted self-serving allegations. Plaintiffs also rely on those principles for their supervision, training, and discipline claims. Finally, Plaintiffs incorrectly indicate that this matter is directly impacted or otherwise, the factual allegations are substantiated by the recent injunction ruling issued by the Court in two then-consolidated matters also related to the City/Parish's police department and one provision of its written policy on searches.

**I.　　Alleged facts miss the mark for *Monell* purposes.**

Plaintiffs' reliance upon the asserted facts at paragraphs 11-36 and 38-52 of the First Amended Complaint ignore and are in contrast to those contained within the Affidavit of Probable Cause. Namely, Plaintiffs do not acknowledge the existence of the search warrant that

led to the discovery of the number of guns found at Plaintiffs' residence or their status as stolen. Plaintiffs also call no attention to the minors' mother's denial of owning any weapons found at her home or her consent to a DNA swab. The hidden weapons found at the residence established probable cause for the arrests and any searches, if any, incident to arrest.

Plaintiffs offer five lawsuits (*Percle*, *Green*, *Mealey*, *Hardnett*, and *Tennart*) to support their basis of *Monell* liability for unlawful search and seizure. However, only two (*Mealey* and *Hardnett*) pertain to strip searches and are merely filed lawsuits. Similarly, Plaintiffs contend thirteen examples of purported excessive force spanning sixteen years (2007-2023) to support their *Monell* claim for same. But these sparse and sporadic events unrelated to each other are not sufficient to set forth a pattern of similar incidents that can conceivably give rise to a widespread-practice necessary for a *Monell* claim.

At least twice, the Fifth Circuit has rejected widespread-practice claims for failure to demonstrate a pattern of similar incidents. *See Peterson v. City of Fortworth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009)(holding 27 similar incidents insufficient to establish a pattern of unconstitutional conduct by city police); *Pineda v. City of Hous.*, 291 F.3d 325, 329–31 (5th Cir. 2002) (same for eleven such incidents). Two of five cases certainly will not suffice. Thirteen prior events of excessive force, each of which is generalized without explicit detail of what type of force was/may be deemed excessive and how the same level of force or arrest circumstance applies to Plaintiffs' circumstances. See also *Schweitzer v. Dagle*, 2024 WL 1348415 at *14-15 (S.D.Tex. 03/27/2024) (Reasoning that "I was treated unprofessionally" plus "eighty-two generic complaints" does not equal facts that plausibly show a single comparable incident that would support an inference of a specific custom of violating constitutional rights.

Importantly, in the absence of any underlying constitutional violation, there can be no municipal liability under *Monell*. *Watt v. New Orleans City*, 647 F.Supp.3d 496, 502-03 (E.D.La. 12/22/2022) (citing *Albert v. City of Petal*, 819 F. App'x 200, 203 (5th Cir. 2020) (noting that because there was no constitutional violation, there can be no *Monell* claims); *Brown v. Wilkinson Cnty. Sheriff Dep't*, 742 F. App'x 883, 884 (5th Cir. 2018) (holding that because the plaintiff failed to demonstrate an underlying constitutional violation, the claims against the county and the officers in their official capacities failed); *Harris v. Serpas*, 745 F.3d 767, 774 (5th Cir. 2014) (upholding the district court's dismissal of the *Monell* claims because the plaintiffs had not shown there was a constitutional violation)).

**II.     No facts of deliberate indifference to train, supervise, and discipline or application of the injunction ruling dated July 12, 2024.**

Plaintiffs accuse the City/Parish of failing to act in response to complaints of wrongdoing associated to uses of force and searches. As an initial matter, Plaintiffs do not offer any findings of wrongdoing to review beyond those related to this matter. Plaintiffs also admit that the Mayor and Chief Paul disbanded the Street Crimes Unit and ceased operations in the BRPD narcotics processing facility after being made aware of the purported issues at hand. Rec. Doc. 4 at 12, ¶53-60.

To establish deliberate indifference, "a plaintiff may allege that the municipality had '[n]otice of a pattern of similar violations,' which were 'fairly similar to what ultimately transpired.' " *Saenz v. City of El Paso*, 637 F. App'x 828, 832 (5th Cir. 2016) (quoting *Sanders-Burns v. City Of Plano*, 594 F.3d 366, 381 (5th Cir. 2010)). While "[t]he number of incidents and other allegations necessary to establish a pattern representing a custom, on a motion to dismiss, varies[,]" *Moreno v. City of Dallas*, No. 13-4106, 2015 WL 3890467, at *8 (N.D. Tex. June 18,

2015), the Fifth Circuit has held that allegations of twenty-one previous incidents of individuals killed by a police officer was insufficient to establish a pattern. *Saenz*, 637 F. App'x at 832.

The court reasoned that, "[w]ithout further context surrounding the circumstances, the allegations of prior shootings do not plausibly suggest a pattern of abuses to which the City was deliberately indifferent." *Id*.; see also *Peterson v. City of Fort Worth, Tex*., 588 F.3d 838, 851 (5th Cir. 2009) (finding that twenty-seven instances of alleged excessive force *506 was insufficient to establish a pattern in the absence of information providing context, such as the police department's size and total number of arrests made in relevant period). The Fifth Circuit concluded that, "[w]ithout some further factual enhancement, [the plaintiff's] complaint 'stops short of the line between possibility and plausibility.' " *Saenz*, 637 F. App'x at 832 (quoting *Twombly*, 550 U.S. at 546, 127 S.Ct. 1955). The single-incident exception "is generally reserved for those cases in which the government actor was provided no training whatsoever." *Hutcheson v. Dallas Cty., Tex*, 994 F.3d 477, 483 (5th Cir. 2021) (quoting *Peña*, 879 F.3d at 624).

In *Watt*, the plaintiff provided no specific examples of past similar conduct by the officer, nor does he offer evidence that officer's past "egregious" behavior was for similar assaultive behavior, as opposed to other dissimilar misconduct. *Watt*, 647 F.Supp.3d at 506. The plaintiff also did not offer context with respect to the number of alleged instances of such conduct and when they occurred. *Id*. As pleaded, the "allegations do not allow the court to draw the reasonable inference that" the officer's assault on the plaintiff was "anything more than [an] isolated incident[ ]." *Saenz*, 637 F. App'x at 832. Likewise, the Watt plaintiff did not allege that the officer received no training whatsoever, but that the defendant failed to "properly" train

him, or "deliberate[ly] overlook[ed]" his "egregious pattern of behavior." *Watt*, 647 F.Supp.3d at 506 (Footnote citations to pleading omitted).

Importantly, the facts of this case do not involve pat-downs or articulable reasonable suspicion to frisk serving as a basis of a strip search. There are also no descriptions of a total absence of training or supervision on use of force or searches from which the single-incident exception may apply. See Rec. Doc. 4. Resultantly, there is no factual basis to connect Plaintiffs' unique search warrant and arrest event to the wide-range of generalized events encompassing use of force, arrest, search, or some variation thereof across sixteen years of active and ongoing police operations.

## CONCLUSION

For the foregoing reasons, the defendant, the City/Parish, prays that this Motion to Dismiss be granted and that the claims against them be dismissed with prejudice for failure to state a claim upon which relief can be granted. Alternatively, the City/Parish prays that this Motion for a More Definite Statement be granted such that Plaintiffs must amend their pleading to set forth well-pled facts surrounding the events of the arrests and the events leading to the alleged constitutional deprivation of rights against Plaintiffs.

**RESPECTFULLY SUBMITTED:**
**A. GREGORY ROME**
**PARISH ATTORNEY**

**/s/ Michael P. Schillage**
**Michael P. Schillage (#35554)**
**Sr. Special Assistant Parish Attorney**
222 St. Louis Street, Suite 902
Baton Rouge, Louisiana 70802
Telephone: (225) 389-3114
Facsimile: (225) 389-8736
Email: mschillage@brla.gov
*Attorney for Defendant, City of Baton Rouge/Parish of East Baton Rouge*

5

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was this date sent to all counsel of record by electronic mail to the email address listed with the Court's electronic filing system, facsimile, and/or U.S. mail, postage prepaid and properly addressed. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, postage prepaid, and properly addressed.

Baton Rouge, Louisiana this 29th day of July, 2024.

                             **/s/ Michael P. Schillage**
                             **MICHAEL P. SCHILLAGE**