UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LAKEISHA VARNADO, ET AL.** | * | **CIVIL ACTION NO. 24-133** |
| | * | |
| Plaintiff | * | **CHIEF JUDGE DICK** |
| **VERSUS** | * | |
| | * | **MAG. BOURGEOIS, JR.** |
| **JOSEPH CARBONI, ET AL** | * | |
| Defendants. | * | **A JURY IS DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**</u>

**NOW INTO COURT,** through undersigned counsel, comes Tafari Beard ("Defendant" or "Officer Beard"), who, for the reasons stated below, respectfully moves this Honorable Court to dismiss all of Plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6) and under the doctrine of qualified immunity.

**I.      Background**

By brief way of background, Plaintiffs filed this lawsuit regarding a June 6, 2023 search warrant encounter with officers of the Baton Rouge Police Department ("BRPD").[1] On June 6, 2023, BRPD officers executed a search warrant (signed by Judge Tarvald Smith) for the residence at 1534 Aster Street in Baton Rouge, Louisiana.[2] The search warrant was based upon "ShotSpotter" activation at 1534 Aster Street, which recorded 22 rounds fired in a machine gun or automatic rounds firing array.[3]

Plaintiffs allege various state and federal constitutional violations against numerous Defendants, including Officer Tafari Beard, which allegedly occurred during said encounter.[4][5] The

---

[1] R. Doc. 1; *see also* R. Doc. 9.
[2] R. Doc. 16, at Exhibit 1 (Affidavit of Probable Cause dated June 6, 2023); *see also* Exhibit A, Incident Report (filed under seal).
[3] R. Doc. 16, at Exhibit 1; *see also* Exhibit A, Incident Report (filed under seal).
[4] R. Doc. 9.
[5] *See generally* R. Doc. 9.

causes of action pled against Officer Beard, however, include (a) Count I – Unreasonable Seizure; (b) Count III – Failure to Intervene; and (c) various state law and state constitutional violations under Counts IX, X, XI, XII, XIII, and XIV.[6]

However, with regard to Officer Beard, Plaintiffs make minimal statements or even allegations. Simply put, there are no allegations of any wrongdoing against Officer Beard in either his individual or official capacity. The only factual allegation against Officer Beard is that while in the course and scope of his employment as a BRPD officer and in his official capacity as that officer, he was one of the officers who transported members of Plaintiffs' family to the investigation site.[7] While there are more specific allegations against other individual officers with regard to claims of Plaintiff Lakeisha Varnado and T.R., there are no other specific or factual allegations as to Officer Beard beyond this one action of transporting. For the following reasons, Officer Beard respectfully asserts his entitlement to Qualified Immunity and moves to dismiss Plaintiffs' claims.

## II. Pertinent Standards and Law

### a. Law regarding Motion to Dismiss

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege enough facts to state a claim to relief that is plausible on its face and fails to raise a right to relief above the speculative level."[8] "A legally sufficient complaint must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action."[9] In order to avoid dismissal, for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations.[10]

---

[6] *See generally* R. Doc. 9.
[7] R. Doc. 9, at pg. 6, paragraph 23.
[8] *National Bi-Weekly Admin. Inc. v. Belo Corp.,* 512 F. 3d 137, 140 (5th Cir. 2007).
[9] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).
[10] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 667 F. 2d 1045 (5th Cir. 1982).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).[11]

### b. Law regarding Qualified Immunity

When, as here, a plaintiff seeks money damages from government officials in their individual capacities under Section 1983, the affirmative defense of qualified immunity is available to protect defendants, such as Officer Beard, "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[12] The qualified immunity doctrine balances two often conflicting interests — "the need to hold public officials accountable when they exercise power irresponsibly, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."[13] As such, "[t]he protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact."[14] In effect, qualified immunity "gives ample room for mistaken judgments by protecting "all but the plainly incompetent or those who knowingly violate the law."[15] The Supreme Court has repeatedly explained that **qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."**[16]

Qualified immunity is technically characterized as an affirmative defense. However, once

---

[11] *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007).
[12] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818)).
[13] *Pearson v. Callahan*, 555 U.S. 223, 231.
[14] *Pearson v. Callahan*, 555 U.S. 223, 231.
[15] *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (citing *Malley v. Briggs*, 475 U.S. 335, 341, (1986) (internal quotation marks omitted)).
[16] *District of Columbia v. Wesby*, 583 U. S. ---, 138 S.Ct. 577, 589, 199 L.Ed.2d 453 (2018)

raised, it devolves upon the plaintiff to negate the defense by showing that the officials' conduct violated clearly established law.[17] Where a public official invokes qualified immunity as a defense to a civil action against him, the plaintiff has the burden of establishing a constitutional violation and overcoming the defense.[18] To meet this burden, a plaintiff must show both "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct."[19]

To deny qualified immunity, a court must point to "controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity."[20]

### c. Qualified Immunity and Motions to Dismiss

At the 12(b)(6) stage, to hold that a defendant violated the law under the first prong of the qualified immunity analysis is to say that, taking the facts in the light most favorable to the plaintiff, the plaintiff has stated a claim upon which relief may be granted—that is, that the alleged conduct violated a constitutional right.[21] When the defense of qualified immunity is raised in a motion filed pursuant to 12(b)(6), "it is the defendant's conduct as alleged *in the complaint* that is scrutinized for 'objective legal reasonableness.'"[22] A court must determine that a plaintiff's pleadings "assert facts which, if true, would overcome the defense of qualified immunity."[23] A plaintiff seeking to overcome qualified immunity "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and

---

[17] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)
[18] *Jackson v. Texas*, 959 F.3d 194, 201 (5th Cir. 2020)
[19] *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc).
[20] *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013).
[21] *Morgan*, 659 F.3d at 384; *Lytle v. Bexar Cty., Tex.*, 560 F.3d 404, 410 (5th Cir. 2009).
[22] *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *McClendon v. City of Columbia*, 305 f.3d 314 (5th Cir. 2002) (emphasis in original).
[23] *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014).

that defeat a qualified immunity defense with equal specificity."[24] Further, the plaintiff must support his claim with "sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[25]

### d. Documents attached to this Motion are proper for review.

In considering a motion to dismiss, the Fifth Circuit has repeatedly provided that courts may also consider documents that a defendant attaches to a motion to dismiss ... if they are referred to in the plaintiff's complaint and are central to her claim.'"[26] Further, if an allegation is qualified by the contents of an exhibit attached to the pleadings, but the exhibit instead contradicts the allegation, "the exhibit and not the allegation controls."[27] Accordingly, videos and related incident reports attached to a motion to dismiss are appropriate for consideration and, to the extent that the video contradicts the allegations, the video controls.[28] Here, the incident report and video from Officer Beard's body worn camera substantially contradicts any allegations contained in the Complaint, and for that reason, the video controls.

### III.   Argument

Here, Plaintiffs raise three general claims against Officer Beard: Count I – Unreasonable Seizure; Count III – Failure to Intervene; and Counts IX through XIV – State Law Claims *in globo*. Regarding the vague allegations stated in the Complaint, none of the federal claims (Counts I and III) rise to the level of a well-pled cause of action against Officer Beard, nor can Plaintiffs overcome the qualified immunity defense for same. Moreover, the remaining state law claims of Counts IX through XIV likewise fail, or alternatively should not be afforded supplemental

---

[24] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).
[25] *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995)(*en banc*).
[26] *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (alteration in original) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).
[27] *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).
[28] *Sligh v. City of Conroe*, 87 F.4th 290, 297 (5th Cir. 2023).

jurisdiction. Accordingly, the Motion to Dismiss should be granted.

### a. Plaintiffs' conclusory claims against Officer Beard fail as a matter of law.

From the outset, it must be noted that Plaintiffs fail to make any specific allegation of wrongdoing against Officer Beard. Plaintiffs' only factual allegations are that he was present and transported members of the family to the investigation location. These conclusory allegations are insufficient to overcome a Motion to Dismiss, much less to defeat the doctrine of qualified immunity.

The Complaint states in conclusory fashion that Officer Beard's actions actually caused the Plaintiffs' injuries. However, there are no specific allegations pled supporting the plausible causation inference. The same conclusory assertions are made regarding a failure to intervene and unreasonable seizure; yet nowhere do Plaintiffs actually state or sufficiently allege facts that Officer Beard was involved, much less present, for any constitutional violations beyond conclusory legal statements. Accordingly, Plaintiffs' allegations are merely legal conclusions, which do not state a claim for relief and warrants dismissal under Rule 12(b)(6).[29]

Moreover, the body camera footage reflects that Officer Beard was simply present, transported, and briefly spoke to one of the Plaintiffs.[30] Nowhere is Officer Beard observed having any interaction rising to the level of a constitutional violation, or even observing any type of constitutional violation occurring. Further, Plaintiffs' attempt to lump Officer Beard together with

---

[29] *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ratliff v. Aransas, TX*, 948 F.3d 281 (5th Cir. 01/15/2020); *Streetman v. Jordan*, 918 F.2d 555 (5th Cir. 1990) (holding that conclusory allegations that officers lack probable cause were insufficient to overcome immunity defense); *Geter v. Fortenberry*, 849 F.2d 1550 (5th Cir. 1988) (observing that **in order to survive a motion to dismiss, a claimant must state specific allegations, not conclusory allegations)**.

[30] Exhibit B, Body Camera Footage videos 1-18 (filed under seal). Defendant attaches all body and fleet camera footage to the subject Motion, inclusive of the Shot Spotter records. This includes 18 separate items. To aid the Court's review, Defendant notes the interior of the police officer's vehicle with Plaintiff Lakeisha Varnado and her minor child is contained in AXON Fleet 3 I X694825LR; the body worn camera footage reflecting Plaintiff Lakeisha Varnado is contained in AXON Body 3 Video X60A44529 and AXON Body 3 X60A49249 (communications beginning around 1:20:00).

other defendants[31] is plainly insufficient to state a claim.[32]

Here, Plaintiffs do not meet that heightened standard to sufficiently state a valid claim of relief against Officer Beard and rest merely on generalized legal statements and factual allegations against other individuals and parties. Thus, the Motion should be granted based on the allegations of the Complaint alone and lack of any wrongdoing on part of Officer Beard. Further, given Plaintiffs have failed to establish a violation of their constitutional rights, Officer Beard is entitled to qualified immunity.

### b. Plaintiffs' Unreasonable Seizure claims under Count I should be dismissed given probable cause was provided.

The Fourth Amendment protects the right to be secure from unreasonable seizures. However, the presence of a warrant necessitates the application of qualified immunity for Officer Beard and establishes Plaintiffs cannot meet their burden to establish liability.[33] Here, the officers, including Officer Beard, executed a valid search warrant, which was signed by Judge Tarvald Smith, for the residence at 1534 Aster Street in Baton Rouge, Louisiana.[34] The search warrant was based upon "ShotSpotter" activation at 1534 Aster Street, which recorded 22 rounds fired in a machine gun or automatic rounds firing array.[35] Further, the incident report confirms evidence and multiple stolen firearms—such as semi-automatic assault rifles, handguns, firearm accessories, etc.—were seized and subjects were arrested on several gun related charges[36], while

---

[31] R. Doc. 9, at p. 17, paragraph 95.
[32] *See Zavala v. City of Baton Rouge*, 2018 WL 4517461, *15 (M.D. La. 2018); *Hutchinson v. Fleischman*, 2022 WL 4112234 at *10 (E.D. La. 2022) (citing *Mixon v. Pohlman*, 2021 WL 6072501 at * 9 (E.D. La. 2021)); *Phoenix ex rel S.W. v. Lafourche Parish Gov't*, 2020 WL 3269114 at *11 (E.D. La. 2020); *see also Del Castillo v. PMI Holdings North America, Inc.*, 2015 WL 3833447 at *6 (S.D. Tex. 2015).
[33] *See, e.g.*, *Hamill v. Wright*, 870 F.2d 1032 (5th Cir. 1989) (observing qualified immunity applies where officer executed a facially valid warrant and acted in official capacity and in good faith belief that his actions were legal); *see also Hart v. O'Brien*, 127 F.3d 424 (5th Cir. 1997) (abrogated on other grounds)
[34] R. Doc. 16, at Exhibit 1 (Affidavit of Probable Cause dated June 6, 2023); *see also* Exhibit A, Incident Report (filed under seal).
[35] R. Doc. 16, at Exhibit 1 (Affidavit of Probable Cause dated June 6, 2023); *see also* Exhibit A, Incident Report (filed under seal).
[36] *See, e.g.*, Exhibit A, at pp. 2-3.

Plaintiff Lakeisha Varnado was arrested for two felonies: contributing to the delinquency of juveniles and improper supervision of a minor by parent.[37]

Accordingly, it cannot be said that Officer Beard made an unreasonable seizure of Plaintiffs. Further, any actions of Officer Beard are protected by his right to qualified immunity given he was acting in the conduct of his official duties as an officer in executing a search warrant followed by arrests resulting from the evidence obtained. Thus, Officer Beard is entitled to dismissal of Count I given Plaintiffs fail to state a valid claim upon which relief can be granted given the search warrant establishes the seizure was reasonable and as Officer Beard is entitled to qualified immunity.

### c. Plaintiffs' Failure to Intervene claims under Count III should be dismissed.

Plaintiffs only other federal claim against Officer Beard is an allegation of "failure to intervene", reflected in Count III. An officer may be liable under § 1983 under a "failure to intervene" or "bystander liability" theory where the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act."[38] However, if no constitutional violation for excessive force is shown, there is no bystander liability for failing to intervene.[39]

A reasonable opportunity to intercede and prevent the constitutional violation is "[t]he focus of the bystander-liability inquiry."[40] In resolving whether a plaintiff has sufficiently alleged a bystander liability claim, the court also considers whether an officer has acquiesced in the alleged constitutional violation.[41] A bystander officer's liability is analyzed under a "deliberate

---

[37] Exhibit A, at pp. 7-8, 30-31.
[38] *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) *citing Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995).
[39] *Davis v. Cannon*, 91 F. App'x 327, 329 (5th Cir. 2004).
[40] *Malone v. City of Fort Worth, Tex.*, Civil Action No. 4:09-CV-634, 2014 WL 5781001, *16 (N.D. Tex. Nov. 6, 2014).
[41] *Whitley v. Hanna, supra*, 726 F.3d at 646, citing *Hale v. Townley, supra*, 45 F.3d at 919.

indifference standard," that requires a plaintiff to demonstrate that the officer actually knew of an excessive risk to the inmate's safety and disregarded that risk.[42] Mere negligence or even gross negligence is not enough.[43] The officer "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[44] As the Fifth Circuit recently explained,

> We next consider Sligh's failure-to-intervene/bystander liability claim against Montes. To overcome Montes's qualified immunity defense, Sligh must identify law clearly establishing that Montes's actions violated her constitutional rights, i.e., **she must show that "any reasonable officer would have known that the Constitution required them to intervene."** *Joseph*, 981 F.3d at 345. She has not done so. We accordingly need not and do not reach the question of whether Montes violated Sligh's constitutional rights. *See Pearson*, 555 U.S. at 236–37, 129 S.Ct. 808.[45]

Once again, Plaintiffs' Complaint misses the mark and fails to adequately plead a failure to intervene claim such to overcome a motion to dismiss, much less Officer Beard's qualified immunity defense. Included within the Count III allegations here are mere conclusory statements that "defendants" observed other officers violating constitutional rights, had an opportunity to intervene, and chose not to act.[46] As noted above, these conclusory allegations, which improperly lump Defendants together[47], without any specific factual support are wholly insufficient to meet the threshold to defeat qualified immunity or a motion to dismiss. Even reviewing in the light most favorable to Plaintiffs, however, Plaintiffs cannot state a valid claim against Officer Beard for "failure to intervene" or "bystander liability."

---

[42] *Oby v. Sander*, Civil Action No. 4:14cv45, 2015 WL 4496426, *3 (N.D. Miss. July 23, 2015).
[43] *See E.A.F.F. v. Gonzalez*, 600 Fed. Appx. 205, 210 (5th Cir.), *cert. denied*, 135 S.Ct. 2364 (2015).
[44] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).
[45] *Sligh v. City of Conroe*, 87 F.4th 290, 297 (5th Cir. 2023).
[46] R. Doc. 9, at Count III.
[47] *Zavala v. City of Baton Rouge*, 2018 WL 4517461, *15 (M.D. La. 2018); *Hutchinson v. Fleischman*, 2022 WL 4112234 at *10 (E.D. La. 2022) (citing *Mixon v. Pohlman*, 2021 WL 6072501 at * 9 (E.D. La. 2021)); *Phoenix ex rel S.W. v. Lafourche Parish Gov't*, 2020 WL 3269114 at *11 (E.D. La. 2020); *see also Del Castillo v. PMI Holdings North America, Inc.*, 2015 WL 3833447 at *6 (S.D. Tex. 2015).

Moreover, the body camera footage reflects that Officer Beard was not involved in or around any of the alleged constitutional violation conduct as pled by Plaintiffs with regard to "other officers" or Officer Carboni.[48] Accordingly, Plaintiffs cannot meet their burden to establish a valid cause of action under Count III and such should be dismissed.

### d. Plaintiffs' state law and constitutional claims likewise fail, or alternatively, this Court should decline supplemental jurisdiction over same.

For the same reasons noted above, each of Plaintiffs' state law claims under Counts IX through XIV likewise fail as Plaintiffs have failed to adequately plead any sufficient facts that support these Counts or overcome Officer Beard's right to qualified immunity. Regardless, where Plaintiffs' state law claims remain without a federal question, Officer Beard requests that the Court decline supplemental jurisdiction over any remaining state law claims.

### IV. Conclusion

Here, Officer Beard is entitled to qualified immunity on all counts as he was operating in accordance with his official duties as a Baton Rouge Police Officer during the execution of the search warrant at Plaintiffs' residence. As reflected by the body camera footage, Officer Beard's involvement with Plaintiffs was minimal and consisted of gathering evidence and transportation of one of the Plaintiffs. The video here plainly contradicts each of Plaintiffs' allegations here as no constitutional violations occurred, much less was Officer Beard involved or around for any alleged violations. Ultimately, the only claims against Officer Beard are that he transported one of the Plaintiffs to the investigation site. Without more, Plaintiffs' Complaint should be dismissed for failure to state a valid claim upon which relief can be granted. Further, given Plaintiffs have failed to establish a violation of their constitutional rights, Officer Beard is entitled to qualified immunity. Thus, the Motion to Dismiss should be granted.

---

[48] Exhibit B, Body Camera Footage (filed under seal).

**WHEREFORE,** Defendant, Tafari Beard, respectfully requests this Court grant his Motion to Dismiss and dismiss all of Plaintiffs' claims against him, with prejudice.

Respectfully submitted,

　　　　/s/ E. Madison Barton　　　　
**KYLE P. KIRSCH (Bar No. 26363)**
**E. MADISON BARTON (Bar No. 36719)**
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, LA 70112
Telephone: (504) 324-6493
Facsimile: (504) 324-6626
***ATTORNEYS FOR TAFARI BEARD***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on all parties via the court's electronic filing system, this 29th day of August, 2024.

　　　　　/s/ E. Madison Barton　　　
**E. MADISON BARTON**