UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LAKEISHA VARNADO, et al.
    Plaintiffs,

v.                      No.    3:24-cv-00133-SDD-RLB

JOSEPH CARBONI., et al.
    Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSED MOTION TO DEFER THE COURT'S RULING OF MOTION TO DISMISS AND TO ALLOW PARTIES TO CONDUCT LIMITED DISCOVERY RELATED TO THE QUALIFIED IMMUNITY CLAIM OF DEFENDANT TAFARI BEARD

### BRIEF BACKGROUND

On February 20, 2024, plaintiffs filed their original complaint along with one exhibit filed under seal[1], and on June 4, 2024 plaintiffs filed their first amended complaint. Plaintiffs reference the comprehensive forensic interview of one of the minor litigants in footnotes 9-16 and 18-23[2] of the amended complaint. In response to both complaints and the attached exhibits, counsel for the defendant Tafari Beard filed her *Motion to Dismiss* along with eightteen exhibits[3] (juvenile records) that she alleges supports her claim that her client is afforded Qualified Immunity under the law. Plaintiffs disagree with the defendants' views of those exhibits, and for reasons stated in plaintiffs' argument section below we believe that limited discovery is warranted given the facts and law[4] surrounding this complaint.

---

[1] See Rec Doc No. 2 and 9.
[2] See Rec Doc No. 9.
[3] See Rec Doc No. 25 and 26.
[4] See *Lion Boulos v. Wilson*, 834 F.2d 504, 508–09 (5th Cir. 1987) and Carswell v. Camp F.4th 307 (2022).

1

**LAW AND ARGUMENT**

I.  **Jurisprudence**

Courts have authorized two classes of discovery when Qualified Immunity is asserted by a defendant:

1. Discovery designed to flesh out the merits of a plaintiff's claim before a ruling on the immunity defense;[5] and
2. A second class of discovery is permitted before a ruling on a defendant's motion to dismiss, when the defendant's immunity claim turns at least partially on a factual question(s).

Both apply here. First, Plaintiff seeks to conduct limited discovery before the Court makes a ruling on Defendant's qualified immunity claim and to ensure that the dispute surrounding these facts is clarified before the court makes said ruling. Second, the Defendant's *Motion to Dismiss* is based at least partially on the claim that plaintiff "failed to make any specific allegation of wrongdoing against Officer Beard." However, a cursory view of both complaints shows several specific allegations of wrongdoing by the defendant Beard and at least two of those (the transport and detention of the minor child T.R.) are directly tied to his claim of qualified immunity. Therefore, Plaintiff asserts that limited discovery is authorized in this matter under both theories.

II.  **Argument**

Defendant's central argument in her Motion to Dismiss is that none of petitioners' federal claims (Counts I and III) rise to the level of a well-pled cause of action against Officer Beard[6] and that ". . .from the outset, it must be noted that Plaintiffs fail to make any specific allegation of wrongdoing against Officer Beard. Plaintiffs' only factual allegations are that he was present and transported members of the family to the investigation location."[7] On one hand, the defendants invoke the well-settled rules that a defendant may attach exhibits to a motion to dismiss ... **if they are**

---

[5] *Lion Boulos v. Wilson*, 834 F.2d 504, 508–09 (5th Cir. 1987).
[6] See Rec Doc 25.
[7] See Rec Doc No. 25.

referred to in the plaintiff's Complaint and Exhibit to her claim. One of the central issues here is that the Defendant references and attaches exhibits to her Motion to Dismiss, while ignoring the allegations contained in plaintiffs complaints and exhibit that allowed her to attach the 18 exhibits. Specifically, footnotes 9-16, and 18-23 of the original and first amended complaints.[9] All of which contradicts the defendant's assertion that none of the petitioners' claims rise to the level of well pleaded facts.

Furthermore, counsel for defendant Beard states in her *Motion to Dismiss*:
"[T]he body camera footage reflects that Officer Beard was simply present, transported, and briefly spoke to one of the Plaintiffs. Nowhere is Officer Beard observed having any interaction rising to the level of a constitutional violation, or even observing any type of constitutional violation occurring. Further, Plaintiffs' attempt to lump Officer Beard together with other defendants."[10] Counsel for the defendant also asserts in her footnotes that, "[T]he interior of the police officer's vehicle with Plaintiff Lakeisha Varnado and her minor child is contained in AXON Fleet 3 I X694825LR; the body worn camera footage reflecting Plaintiff Lakeisha Varnado is contained in AXON Body 3 Video X60A44529 and AXON Body 3 X60A49249 (communications beginning around 1:20:00). Plaintiff disagrees with defense counsel's interpretation that the body worn camera and/or fleet footage shows that (1) Officer Beard only briefly spoke with one of the Plaintiffs (2) that he was simply present, and transported the minor (3) that Officer Beard isn't observed having any interaction rising to the level of a constitutional violation or (4) that officer Beard didn't observe any type of constitutional violation occurring.

To the contrary, the video submitted by counsel for the defendant clearly shows what plaintiffs originally assert in both their complaints and exhibit, which is that minor T.R. is in the rear of what plaintiffs believe is Officers Beard unmarked vehicle with only his underwear on, that officer Beard escorts the minor back into the house to watch him get dressed and then places him back into

---

[8] *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).
[9] See Rec Doc No. 9.
[10] See Rec Doc No. 25.

3

the rear of his vehicle to transport him to the B.R.A.V.E. Cave.

The elephant in the room which counsel conveniently leaves from her motion is: What happened to Lakeisha Varnado and her minor children while inside of the B.R.A.V.E. Cave? Plaintiffs complaints are replete with facts that illustrate that there is no footage from inside of the interrogation and torture warehouse. Specifically,

> "After hours of sitting in the rear of police vehicles, officers transported the family to the infamous "B.R.A.V.E Cave" and despite BRPD policy requiring officers to document the date, time, and reason for using the facility and the requirement of officers to have their Body Worn Cameras on—for person searches, use of force incidents, and other law enforcement contact purposes within the course and scope of their duties—**no audio or video is available of the following horrific events exist**."[11]

This is because Officer Beard turns off his Body Worn Camera – and never turns it on again– as seen in the video submitted exhibits with defendants Motion to Dismiss.

The 5th Circuit has held that where there are partial questions of fact, or a **further need for factual development–as we have here–**to ascertain the availability of that Qualified Immunity defense, limited discovery is warranted and should be in the form of a limited narrowly tailored deposition of Officer Tafari Beard. [12] This deposition would determine:

1. Whether Defendant Tafari Beard violated "clearly established statutory or constitutional rights of which a reasonable person would have known."[13] and/or
2. To further develop his actions/inactions on the morning in question as it relates to his assertion of Qualified Immunity in this matter.

### III.     For The Court's Consideration

On August 29, 2024, counsel for Defendant Beard filed her Motion to Dismiss with this honorable court. In an attempt to confer about the instant motion before seeking the court's involvement, the following day undersigned counsel emailed Ms. Barton to confer with her about her motion[14] and the proposed exhibits.[15] Ms. Barton did not immediately respond. Again, on September 2, 2024, undersigned counsel emailed Ms. Barton the following:

---

[11] See Paragraph 25 of First Amended Petition [Rec Doc. 9].
[12] *Backe v. LeBlanc*, 691 F.3d 645, 649 (5th Cir. 2012); see also *Lion Boulos v. Wilson*, 834 F.2d 504, 508–09 (5th Cir. 1987) (first articulating this limited-discovery procedure).
[13] *Harlow*, supra, 102 S.Ct. at 2738.
[14] See Rec Doc No. 27.
[15] See Record Doc 26.

Immunity you filed on behalf of Tafari Beard and attached exhibits, we anticipate filing a Motion for Limited Discovery as to the issue of Qualified Immunity. Specifically, we will be seeking to depose Officer Beard as it relates to this matter. Please let us know if you oppose this limited discovery so that we can note it in our Motion.

Further, given that the discovery process has not begun, we are also inquiring, how you obtained the documents and videos which you attached as exhibits?

No response was received. Following up on the (unanswered) emails undersigned sent another email to Ms. Barton on September 4, 2024[16] at 7:02 a.m., inquiring about our unanswered request to confer about her proposed exhibits and request for limited discovery. At 7:04 a.m., Ms Barton responded, informing us that her computer was tied up due to the proposed exhibits being "split", and that she would, ". . .[L]ook into [our] emails." Despite the representation and our attempts to confer, Ms. Barton did not respond. Instead, at 11:15 a.m. on September 4, 2024, Ms. Barton filed a Motion to Stay Discovery [Rec. Doc 26 and Rec. Doc 28] along with her previously submitted exhibits under seal. After filing the aforementioned, defense counsel sent an email opposing our request(s).[17]

## CONCLUSION

For the foregoing reasons, Plaintiffs contend that this Court should grant the Plaintiff's request and issue an Order allowing undersigned to conduct limited discovery, mainly the deposition of Officer Tafari Beard. Further, Plaintiff requests that the Court hold off on making a ruling on Defendant's *Motion to Dismiss and Assertion of Qualified Immunity* until after this limited discovery is conducted.

Respectfully Submitted,

/S/: Ryan K. Thompson
_____
Ryan K. Thompson, LA Bar #38957
Attorney for Plaintiff
12605 South Harrell Ferry Rd Ste 5,
Baton Rouge, LA 70816
T: (323)271-8032
E: RKTsocialjustice@gmail.com

---

[16] Exhibit 3.
[17] Exhibit 4.

5

/S/: Jessica F. Hawkins
_____
Jessica F. Hawkins, LA Bar #38263
Attorney for Plaintiff
P.O. Box 5072
Baton Rouge, LA 70802
T: (915)217-9192
E: jessicahawkins0421@gmail.com

6