UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAKEISHA VARNADO, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-133-SDD-RLB** |
| **JOSEPH CARBONI, ET AL.** | |

## ORDER

Before the Court is Defendant Officer Tafari Beard's Motion to Stay Discovery. (R. Doc. 28). The deadline to file an opposition has expired. LR 7(f).

**I.    Background**

In the operative Amended Complaint, Lakeisha Varnado, individually and on behalf of her minor children K.A.V. and K.E.V., and Tredonovan Raby, who joins Lakeisha Varnado on behalf of the minor T.R. (collectively, "Plaintiffs") seek recovery under 42 U.S.C. § 1983 from the City of Baton Rouge/Parish of East Baton Rouge ("City/Parish") and the following officers of the Baton Rouge Police Department: Joseph Carboni, Tafari Beard, Lorenzo Coleman, and David Kennedy (collectively, "Defendants"). (R. Doc. 9). Plaintiffs seek recovery for unreasonable search and seizure in violation of the Fourth Amendment of the U.S. Constitution, *Monell* liability with respect to the City/Parish, and under state law. Among other things, Plaintiffs allege that Ms. Varandao and the minor T.R. were subject to strip and body cavity searches. (R. Doc. 9 at 30).

On July 1, 2024, the City/Parish filed a Motion to Dismiss, or alternatively, Motion for a More Definite Statement. (R. Doc. 16). This motion remains pending before the district judge.

On August 29, 2024, Officer Beard filed a Motion to Dismiss, which seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, as

well as under the doctrine of qualified immunity. (R. Doc. 25). This motion also remains pending before the district judge.

On September 4, 2024, Officer Beard filed the instant Motion to Stay Discovery. (R. Doc. 28). This motion, which was referred to the undersigned for resolution, seeks a stay of discovery in light of his qualified immunity defenses. Plaintiffs have not filed a timely opposition directly addressing this motion. *See* LR 7(f).

Instead, Plaintiffs filed two other motions addressing Officer Beard's Motion to Dismiss. First, Plaintiffs filed an Opposed Motion to Defer the Court's Ruling of Motion to Dismiss and to Allow Parties to Conduct Limited Discovery Related to the Qualified Immunity Claim of Defendant Tafari Beard ("Motion for Limited Discovery"). (R. Doc. 31). In that motion, which remains pending before the district judge, Plaintiffs seek the opportunity to conduct limited discovery on the issue of qualified immunity prior to the issuance of any ruling on Officer Beard's Motion to Dismiss. Officer Beard opposes limited discovery in light of the Fifth Circuit decision *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022). (*See* R. Doc. 40).

Second, Plaintiff filed a motion seeking, in relevant part, leave to amend the complaint in lieu of having to file an opposition to Officer Beard's Motion to Dismiss. (*See* R. Doc. 34-1).[1] This motion also remains pending before the district judge.

## II.     Law and Analysis

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to

---

[1] The motion, which was filed under seal, also seeks leave to file under seal the proposed Exhibit A to the Second Amended Complaint. (R. Doc. 34; *see* R. Doc. 34-4).

show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc,* 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garret,* 571 F.2d 302, 3026 (5th Cir. 1990) (citation omitted).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has clarified that all discovery involving a defendant raising the defense of qualified immunity in a motion to dismiss must be stayed until resolution of the defense of qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming [qualified immunity] must survive the motion to dismiss without *any* discovery.

*Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and

complications caused by bifurcated discovery. *Id*. at 310-314. The Fifth Circuit expressly held that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id*.

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id*. at 313 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Carswell*, 54 F.4th at 313 (quoting *Iqbal*, 556 U.S. at 686).

Consistent with *Carswell*, the undersigned has stayed all discovery where a defendant has alleged qualified immunity and there was no practical manner to allow discovery to proceed against a co-defendant that has not raised a defense of qualified immunity without prejudicing the defendants who have raised the defense of qualified immunity. *See*, *e.g.*, *Miller v. LeBlanc*, No. 21-353-BAJ-RLB, 2022 WL 17490971 (M.D. La. Dec. 7, 2022).

Having reviewed the record and the applicable law, the Court finds it appropriate to stay all discovery in this action until resolution of Officer Beard's Motions to Dismiss, which raises the defense of qualified immunity. The *Carswell* decision controls the outcome of the instant

4

motion to stay discovery. Given the assertion of the qualified immunity defense, the Court must stay all discovery with respect to Defendants, including discovery pertaining to claims to which the qualified immunity defense does not apply, because such discovery would present an undue burden to Defendants. *Carswell*, 54 F.4th at 313-314.

The issue remains before the district judge regarding whether this stay of discovery should be lifted, and limited discovery should be allowed regarding Officer Beard's qualified immunity defense, notwithstanding this Order. (*See* R. Doc. 31).

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Officer Beard's Motion to Stay Discovery (R. Doc. 28) is **GRANTED**, and discovery is **STAYED** until further order of the Court. The parties shall contact the undersigned after the resolution of Officer Beard Motion to Dismiss (R. Doc. 25) and/or Plaintiffs' Motion for Limited Discovery (R. Doc. 31) so appropriate orders may be entered if necessary.

Signed in Baton Rouge, Louisiana, on September 26, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**