UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAKEISHA VARNADO, ET AL.                    CIVIL ACTION

VERSUS                                       NO. 24-133-SDD-RLB

JOSEPH CARBONI, ET AL.

### ORDER

Before the Court is Plaintiffs' Opposed Motion to Amend Complaint. (R. Doc. 45). The deadline to file an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

**I.    Background**

In the operative Amended Complaint, Lakeisha Varnado, individually and on behalf of her minor children K.A.V. and K.E.V., and Tredonovan Raby, who joins Lakeisha Varnado on behalf of the minor T.R. (collectively, "Plaintiffs") seek recovery under 42 U.S.C. § 1983 from the City of Baton Rouge/Parish of East Baton Rouge ("City/Parish") and the following officers of the Baton Rouge Police Department ("BRPD"): Joseph Carboni, Tafari Beard, Lorenzo Coleman, and David Kennedy (collectively, "Defendants"). (R. Doc. 9). Plaintiffs seek recovery for unreasonable search and seizure in violation of the Fourth Amendment of the U.S. Constitution, *Monell* liability with respect to the City/Parish, and under state law. Among other things, Plaintiffs allege that Ms. Varnado and the minor T.R. were subject to strip and body cavity searches. (R. Doc. 9 at 30).

On July 1, 2024, the City/Parish filed a Motion to Dismiss, or alternatively, Motion for a More Definite Statement. (R. Doc. 16). This motion remains pending before the district judge.

On August 29, 2024, Officer Beard filed a Motion to Dismiss, which seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, as

well as under the doctrine of qualified immunity. (R. Doc. 25). This motion also remains pending before the district judge.

On September 4, 2024, Officer Beard filed a Motion to Stay Discovery, which sought a stay of discovery in light of his qualified immunity defense. (R. Doc. 28). That same day, Plaintiffs filed an Opposed Motion to Defer the Court's Ruling of Motion to Dismiss and to Allow Parties to Conduct Limited Discovery Related to the Qualified Immunity Claim of Defendant Tafari Beard ("Motion for Limited Discovery"). (R. Doc. 31).

The Court granted the Motion to Stay Discovery, staying discovery until resolution of Officer Beard's Motion to Dismiss and/or Plaintiffs' Motion for Limited Discovery. (R. Doc. 41).

On January 17, 2025, Plaintiffs filed the instant Opposed Motion to Amend Complaint. (R. Doc. 45). While the motion represents that all Defendants object to the motion, none of the Defendants filed a timely written opposition. *See* LR 7(f).

## II. Law and Analysis

### A. Legal Standards

After the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant

leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* at 873 (citations omitted).

**B.    Analysis**

Having considered the record, the Court finds no substantial reason to deny leave to amend. Defendants have not identified any grounds to deny leave to amend. There is no evidence of undue delay, bad faith or dilatory motive in seeking amendment.

Plaintiffs seek leave "to amend the Complaint to clear up alleged deficiencies raised by the Defendants in their *Motion to Dismiss*." (R. Doc. 45 at 1). The amended pleading does not seek to add any additional defendants or causes of action. Instead, it appears that Plaintiffs are seeking to raise additional allegations with respect to body camera footage that has been obtained, as well as allegations regarding other instances at the so-called "BRAVE Cave" operated by certain BRPD Officers in support of Plaintiffs' claims against the City/Parish. Plaintiffs also seeks to submit as exhibits to the proposed pleading an BRPD Internal Affairs investigation correspondence and the indictments of certain BRPD officers.

Having considered the record, the Court will allow Plaintiffs to amend the pleadings, which purports to address the deficiencies raised in Defendants' Motions to Dismiss. "A court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955). The Fifth Circuit has further stated:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Accordingly, even if the district judge found it proper to dismiss Plaintiffs' claims based on the current pleading, it would nevertheless be proper to allow Plaintiffs another opportunity to amend the pleadings to cure any deficiencies. *See Watkins v. Gautreaux*, 515 F. Supp. 3d 500, 519 (M.D. La. 2021) (providing the plaintiff with another opportunity to amend, although the plaintiff had already amended her complaint twice, because she had not done so in response to the district judge's assessment of the sufficiency of her claims).

As stated above, Plaintiffs' Motion to Amend was not opposed by written memorandum within the time required by Local Rule 7(f). Under these circumstances, the Court finds it appropriate to grant leave to amend and terminate, without prejudice to refile, the pending Rule 12 motions and related motion seeking limited discovery. *See* Local Rule 12 ("If the Court grants leave to allow a party to file an amended complaint while a motion to dismiss pursuant to Fed. R. Civ. P. 12 is pending, the Clerk will terminate the pending motion to dismiss without prejudice to the party to refile if grounds exist therefor based upon the allegations contained in the amended complaint.").

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** Plaintiffs' Opposed Motion to Amend Complaint (R. Doc. 45) is **GRANTED**, and the Clerk's Office shall enter the Second Amended Complaint (R. Doc. 45-2) and its attachments (R. Docs. 45-3, 45-4, 45-5) into the record.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **TERMINATE**, without prejudice to refile, the City/Parish's Motion to Dismiss, or alternatively, Motion for a More Definite Statement (R. Doc. 16); Officer Beard's Motion to Dismiss (R. Doc. 25); and Plaintiffs' Motion for Limited Discovery (R. Doc. 31).

**IT IS FURTHER ORDERED** that discovery remains **STAYED** in light of Officer Beard's defense of qualified immunity. The parties shall file an appropriate joint motion to reopen discovery, if applicable, should Officer Beard decline to reassert the defense of qualified immunity in light of the allegations in the Second Amended Complaint or if the issue of qualified immunity is otherwise resolved.

Signed in Baton Rouge, Louisiana, on February 12, 2025.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**