## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**LAKEISHA VARNADO, ET UX**                    **CIVIL ACTION**

**VERSUS**

**JOSEPH CARBONI, ET AL**                    **NO.: 24-133-SDD-RLB**

## ANSWER & AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel, comes the City of Baton Rouge/Parish of East Baton Rouge (hereinafter referred to as "City/Parish"), defendant herein, who for answer to the allegations contained in Plaintiffs' Second Amended Complaint (Rec. Doc. 48) denies each and every allegation contained therein, except those specifically admitted, and further answering the allegations contained in Plaintiffs' Second Amended Complaint with respect represents that:

1.

While the allegations of Paragraph 1 require no response from this respondent, out of an abundance of caution, and to whatever extent necessary, the City/Parish admits Lakeisha Varnado and Tredonovan Raby are named party-plaintiffs herein. All other allegations are denied for lack of sufficient information to justify a belief therein.

2.

The City/Parish denies the allegations of Paragraph 2 as written and to the extent they call for a legal conclusion rather than a matter of fact.

3.

The City/Parish denies the allegations of Paragraph 3 as written and to the extent they call for a legal conclusion rather than a matter of fact.

4.

The City/Parish denies the allegations of Paragraph 4 as written, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements as provided by M.D.La. L.R. 10(a)(1).

5.

The City/Parish denies the allegations of Paragraph 5 as written and to the extent they call for a legal conclusion rather than a matter of fact.

6.

While the allegations of Paragraph 6 require no response from this respondent, out of an abundance of caution, and to whatever extent necessary, the City/Parish admits Joseph Carboni, Tafari Beard, Lorenzo Coleman, and David Kennedy have been named as party-defendants herein. All other allegations are denied as written and to the extent they call for legal conclusions rather than matters of fact.

7.

The City/Parish denies the allegations of Paragraph 7 as written and to the extent they call for a legal conclusion rather than a matter of fact.

8.

The City/Parish denies the allegations of Paragraph 8 as written and to the extent they call for a legal conclusion rather than a matter of fact.

9.

The City/Parish denies the allegations of Paragraph 9 as written and to the extent they call for a legal conclusion rather than a matter of fact.

2

10.

The City/Parish denies the allegations of Paragraph 10 as written, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1). Moreover, Paragraph 10 appears to quote or reiterate legal principles of *Conley v. Gibson*, 355 U.S. 41 (1957)[1] and *Ashcroft v. Iqbal*, 556 U.S.662 (2009), which are jurisprudence that best speak for themselves.

11.

The City/Parish denies the allegations of Paragraph 11 for lack of sufficient information to justify a reasonable belief therein.

12.

The City/Parish objects to Paragraph 12 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish asserts that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 12 for lack of sufficient information to justify a reasonable belief therein, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

13.

The City/Parish denies the allegations of Paragraph 13 for lack of sufficient information to justify a reasonable belief therein.

---

[1] Abrogated by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

14.

The City/Parish denies the allegations of Paragraph 14 for lack of sufficient information to justify a reasonable belief therein.

15.

The City/Parish denies the allegations of Paragraph 15 for lack of sufficient information to justify a reasonable belief therein.

16.

The City/Parish denies the allegations of Paragraph 16 for lack of sufficient information to justify a reasonable belief therein.

17.

The City/Parish denies the allegations of Paragraph 17 for lack of sufficient information to justify a reasonable belief therein.

18.

The City/Parish objects to Paragraph 18 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish would assert that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 18 for lack of sufficient information to justify a reasonable belief therein.

19.

The City/Parish objects to Paragraph 19 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish would assert that any such document best speaks for itself, but is subject to independent review and cross examination.

Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 19 for lack of sufficient information to justify a reasonable belief therein.

20.

The City/Parish objects to Paragraph 20 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish would assert that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 20 for lack of sufficient information to justify a reasonable belief therein.

21.

The City/Parish objects to Paragraph 21 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish would assert that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 21 for lack of sufficient information to justify a reasonable belief therein, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

22.

The City/Parish objects to Paragraph 22 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish would assert that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 22 for lack of sufficient information to justify a reasonable belief therein.

23.

The City/Parish objects to Paragraph 23 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish would assert that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 23 for lack of sufficient information to justify a reasonable belief therein.

24.

The City/Parish denies the allegations of Paragraph 24 as written but for to admit that during the execution of the search warrant, all arrestees were transported to the police building, Narcotics Processing Facility, to continue the investigation and arrest process.

25.

The City/Parish denies the allegations of Paragraph 25 as written but for to admit that any damage to the residential property where the search warrant and arrests took place was reasonable under the circumstances and made during lawful arrests.

26.

The City/Parish objects to Paragraph 26 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish would assert that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 26 for lack of sufficient information to justify a reasonable belief therein, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

27.

The City/Parish denies the allegations of Paragraph 27 for lack of sufficient information to justify a reasonable belief therein and to the extent the allegations call for a legal conclusion rather than a matter of fact.

28.

The City/Parish denies the allegations of Paragraph 28 for lack of sufficient information to justify a reasonable belief therein.

29.

The City/Parish objects to Paragraph 29 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish would assert that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 29 for lack of sufficient information to justify a reasonable belief therein and to the extent the allegations call for a legal conclusion rather than a matter of fact.

30.

The City/Parish denies the allegations of Paragraph 30 for lack of sufficient information to justify a reasonable belief therein and to the extent the allegations call for a legal conclusion rather than a matter of fact.

31.

The City/Parish denies the allegations of Paragraph 31 for lack of sufficient information to justify a reasonable belief therein, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

32.

The City/Parish objects to Paragraph 32 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish would assert that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 32 for lack of sufficient information to justify a reasonable belief therein.

33.

The City/Parish objects to Paragraph 33 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish would assert that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 33 for lack of sufficient information to justify a reasonable belief therein.

34.

The City/Parish objects to Paragraph 34 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish would assert that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 34 for lack of sufficient information to justify a reasonable belief therein.

35.

The City/Parish denies the allegations of Paragraph 35 for lack of sufficient information to justify a reasonable belief therein and to the extent the allegations call for a legal conclusion rather than a matter of fact.

36.

The City/Parish denies the allegations of Paragraph 36 for lack of sufficient information to justify a reasonable belief therein.

37.

The City/Parish denies the allegations of Paragraph 37 for lack of sufficient information to justify a reasonable belief therein, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

38.

The City/Parish denies the allegations of Paragraph 38 for lack of sufficient information to justify a reasonable belief therein.

39.

The City/Parish denies the allegations of Paragraph 39 as written.

40.

The City/Parish denies the allegations of Paragraph 40 as written.

41.

The City/Parish denies the allegations of Paragraph 41 for lack of sufficient information to justify a reasonable belief therein, to the extent the allegations call for a legal conclusion rather than a matter of fact.

42.

The City/Parish denies the allegations of Paragraph 42.

43.

The City/Parish denies the allegations of Paragraph 43 as the allegations call for a legal conclusion rather than a matter of fact, and to the extent the allegations merely offer jurisprudential language, which is the best representative of itself.

44.

The City/Parish denies the allegations of Paragraph 44 as the allegations call for a legal conclusion rather than a matter of fact.

45.

The City/Parish denies the allegations of Paragraph 45 as written and to the extent the allegations merely offer jurisprudential language, which is the best representative of itself.

46.

The City/Parish denies the allegations of Paragraph 46 as the allegations call for a legal conclusion rather than a matter of fact, and to the extent the allegations merely offer jurisprudential language, which is the best representative of itself.

47.

The City/Parish denies the allegations of Paragraph 47 as the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

48.

The City/Parish denies the allegations of Paragraph 48 as written, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

49.

The City/Parish denies the allegations of Paragraph 49, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

50.

The City/Parish denies the allegations of Paragraph 50 as written and to the extent the allegations call for a legal conclusion rather than a matter of fact.

51.

The City/Parish denies the allegations of Paragraph 51.

52.

The City/Parish denies the allegations of Paragraph 52 for lack of sufficient information to justify a reasonable belief therein.

53.

The City/Parish denies the allegations of Paragraph 53 for lack of sufficient information to justify a reasonable belief therein, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

54.

The City/Parish denies the allegations of Paragraph 54, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

55.

The City/Parish denies the allegations of Paragraph 55.

56.

The City/Parish denies the allegations of Paragraph 56, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

57.

The City/Parish denies the allegations of Paragraph 57 for lack of sufficient information to justify a reasonable belief therein, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

58.

The City/Parish denies the allegations of Paragraph 58 for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

59.

The City/Parish denies the allegations of Paragraph 59 for lack of sufficient information to justify a reasonable belief therein and as written.

60.

The City/Parish denies the allegations of Paragraph 60 as written.

61.

The City/Parish denies the allegations of Paragraph 61 as written, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

62.

The City/Parish denies the allegations of Paragraph 62 as the allegations call for a legal conclusion rather than a matter of fact, and to the extent the allegations merely offer jurisprudential language, which is the best representative of itself.

63.

The City/Parish denies the allegations of Paragraph 63 for lack of sufficient information to justify a reasonable belief therein.

64.

The City/Parish denies the allegations of Paragraph 64 for lack of sufficient information to justify a reasonable belief therein.

65.

The City/Parish denies the allegations of Paragraph 65 for lack of sufficient information to justify a reasonable belief therein.

66.

The City/Parish denies the allegations of Paragraph 66 as written.

67.

The City/Parish denies the allegations of Paragraph 67 as written.

68.

The City/Parish denies the allegations of Paragraph 68 as written and to the extent the allegations call for a legal conclusion rather than a matter of fact.

69.

The City/Parish denies the allegations of Paragraph 69 for lack of sufficient information to justify a reasonable belief therein, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

70.

The City/Parish denies the allegations of Paragraph 70 as written.

71.

The City/Parish denies the allegations of Paragraph 71 as written.

72.

The City/Parish denies the allegations of Paragraph 72 for lack of sufficient information to justify a reasonable belief therein and as written.

73.

The City/Parish denies the allegations of Paragraph 73 for lack of sufficient information to justify a reasonable belief therein and as written.

74.

The City/Parish objects to any identification of individuals that have a pending civil lawsuit that has not been adjudicated or else has been adjudicated in dismissal of Plaintiff's claims. Along the same line, each case stands on its own merit or lack thereof, and any defendant cannot be charged with defending or trying the same case twice. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 74 for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

75.

The City/Parish denies the allegations of Paragraph 75.

76.

The City/Parish denies the allegations of Paragraph 76 for lack of sufficient information to justify a reasonable belief therein and as written.

77.

The City/Parish objects to Paragraph 77 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish would assert that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 77 for lack of sufficient information to justify a reasonable belief therein and as written.

78.

The City/Parish denies the allegations of Paragraph 78 for lack of sufficient information to justify a reasonable belief therein and to the extent the allegations call for a legal conclusion rather than a matter of fact.

79.

The City/Parish denies the allegations of Paragraph 79 as written, and to the extent the allegations make vague reference to jurisprudential language, which is the best representative of itself.

80.

The City/Parish objects to Paragraph 80 to the extent it describes individuals and events not related to the facts and circumstances of Plaintiffs' arrests. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 80 for lack of sufficient information to justify a reasonable belief therein and as written.

81.

The City/Parish objects to Paragraph 81 to the extent it describes individuals and events not related to the facts and circumstances of Plaintiffs' arrests. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 81 as written.

82.

The City/Parish objects to Paragraph 82 to the extent it describes individuals and events not related to the facts and circumstances of Plaintiffs' arrests. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 82 as written.

83.

The City/Parish objects to Paragraph 83 to the extent it describes a pending civil lawsuit involving individuals and events not related to the facts and circumstances of Plaintiffs' arrests. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 83 as written.

84.

The City/Parish objects to Paragraph 84 to the extent it describes individuals and events not related to the facts and circumstances of Plaintiffs' arrests. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 84 as written.

85.

The City/Parish objects to Paragraph 85 to the extent it describes individuals and events not related to the facts and circumstances of Plaintiffs' arrests. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 85 as written and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

86.

The City/Parish objects to Paragraph 86 to the extent it describes individuals and events not related to the facts and circumstances of Plaintiffs' arrests. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 86 as written.

87.

The City/Parish objects to Paragraph 87 to the extent it describes individuals and events not related to the facts and circumstances of Plaintiffs' arrests. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 87 as written.

88.

The City/Parish objects to Paragraph 88 to the extent it describes individuals and events not related to the facts and circumstances of Plaintiffs' arrests. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 88 as written.

89.

The City/Parish objects to Paragraph 89 to the extent it describes individuals and events not related to the facts and circumstances of Plaintiffs' arrests. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 89 as written.

90.

The City/Parish objects to Paragraph 90 to the extent it describes generalized events not specified to reflect or relate to the facts and circumstances of Plaintiffs' arrests. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 90 as written.

91.

The City/Parish objects to Paragraph 91 to the extent it describes individuals and events not related to the facts and circumstances of Plaintiffs' arrests. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 91 as written.

92.

The City/Parish objects to any identification of individuals that have a pending civil lawsuit that has not been adjudicated. Along the same line, each case stands on its own merit or lack thereof, and any defendant cannot be charged with defending or trying the same case twice. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 92 for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact.

93.

The City/Parish denies the allegations of Paragraph 93 as written and out of an abundance of caution to whatever extent necessary, incorporates each foregoing response to each particular paragraph as of contained herein.

94.

The City/Parish denies the allegations of Paragraph 94, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

95.

The City/Parish denies the allegations of Paragraph 95, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

96.

The City/Parish denies the allegations of Paragraph 96 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

97.

The City/Parish denies the allegations of Paragraph 97 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

98.

The City/Parish denies the allegations of Paragraph 98 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

99.

The City/Parish denies the allegations of Paragraph 99 for lack of sufficient information to justify a reasonably belief therein, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

100.

The City/Parish denies the allegations of Paragraph 100 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

101.

The City/Parish denies the allegations of Paragraph 101 as written and out of an abundance of caution to whatever extent necessary, incorporates each foregoing response to each particular paragraph as of contained herein.

102.

The City/Parish denies the allegations of Paragraph 102 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

103.

The City/Parish denies the allegations of Paragraph 103 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

104.

The City/Parish objects to Paragraph 104 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish asserts that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 103 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

105.

The City/Parish denies the allegations of Paragraph 105 as written, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

106.

The City/Parish objects to Paragraph 106 to the extent it cites an external document, separate from the pleadings without attachment thereof. The City/Parish asserts that any such document best speaks for itself, but is subject to independent review and cross examination. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 106 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact.

107.

The City/Parish denies the allegations of Paragraph 107 as written and out of an abundance of caution to whatever extent necessary, incorporates each foregoing response to each particular paragraph as of contained herein.

108.

The City/Parish denies the allegations of Paragraph 108 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

109.

The City/Parish denies the allegations of Paragraph 109 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact.

110.

The City/Parish denies the allegations of Paragraph 110 as written and out of an abundance of caution to whatever extent necessary, incorporates each foregoing response to each particular paragraph as of contained herein.

111.

The City/Parish denies the allegations of Paragraph 111 to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1). Moreover, Paragraph 111 appears to quote or reiterate basic principles and elements of excessive force bystander liability contained within *Hale v. Townley*, 45 F.3d 914 (5th Cir. 1995) and *Whitley v. Hanna*, 726 F.3d 631 (5th Cir. 2013), which are jurisprudence that best speak for themselves.

112.

The City/Parish denies the allegations of Paragraph 112 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact.

113.

The City/Parish denies the allegations of Paragraph 113 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact.

114.

The City/Parish denies the allegations of Paragraph 114 as written and out of an abundance of caution to whatever extent necessary, incorporates each foregoing response to each particular paragraph as of contained herein.

115.

The City/Parish denies the allegations of Paragraph 115 for lack of sufficient information to justify a reasonably belief therein, to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

116.

The City/Parish denies the allegations of Paragraph 116 and each of its five subparts (a)-(e) for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations of each subpart call for a legal conclusion rather than a matter of fact.

117.

The City/Parish denies the allegations of Paragraph 117 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact.

118.

The City/Parish objects to the reference of "BRPD" to whatever extent intended to be a party-defendant as "BRPD" is not a juridical entity capable of being sued. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 118 as written and out of an abundance of caution to whatever extent necessary, incorporates each foregoing response to each particular paragraph as of contained herein.

119.

The City/Parish denies the allegations of Paragraph 119 to the extent the allegations call for a legal conclusion rather than a matter of fact. Further answering, to whatever extent necessary, the City/Parish agrees with the recitation of legal theories for *Monell* liability against a municipality, but denies that any such legal theory of liability exists or applies in this matter.

120.

The City/Parish denies the allegations of Paragraph 120 to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1). Moreover, Paragraph 120 appears to quote or reiterate one general principle of deliberate indifference referred to by *Gomez v. Galman,* 18 F.4th 769 (5h Cir. 2021) and *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397 (1997), which are jurisprudence that best speak for themselves.

121.

The City/Parish denies the allegations of Paragraph 121 to the extent the allegations call for a legal conclusion rather than a matter of fact. Moreover, Paragraph 121 appears to quote or reiterate one general principle of deliberate indifference referred to by *Gros v. City of Grand Prairie,* 209 F.3d 431 (5h Cir. 2000) and *Snyder v. Trepagnier,* 142 F.3d 791 (5th Cir. 1998), which are jurisprudence that best speak for themselves.

122.

The City/Parish denies the allegations of Paragraph 122 and each of its six subparts 1, 4, 5, 6, 7, and 8 for lack of sufficient information to justify a reasonably belief therein, as written, and to the extent the allegations of each subpart call for a legal conclusion rather than a matter of fact.

123.

The City/Parish denies the allegations of Paragraph 123, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

124.

The City/Parish denies the allegations of Paragraph 124, further to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

124(I).

The City/Parish denies the allegations of Paragraph 124(I) as written, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the allegations refer to individuals and events not related to the facts and circumstances of Plaintiffs' arrests.

124(II).

The City/Parish denies the allegations of Paragraph 124(II) as written, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the allegations refer to individuals and events not related to the facts and circumstances of Plaintiffs' arrests.

124(III).

The City/Parish objects to any identification of individuals that have a pending civil lawsuit that has not been adjudicated. Along the same line, each case stands on its own merit or lack thereof, and any defendant cannot be charged with defending or trying the same case twice. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 124(III) for lack of sufficient information to justify a reasonably belief therein, as written, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the allegations refer to individuals and events not related to the facts and circumstances of Plaintiffs' arrests.

124(IV).

The City/Parish objects to any identification of individuals that have a pending civil lawsuit that has not been adjudicated. Along the same line, each case stands on its own merit or lack thereof, and any defendant cannot be charged with defending or trying the same case twice. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 124(IV) for lack of sufficient information to justify a reasonably belief therein, as written, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the allegations refer to individuals and events not related to the facts and circumstances of Plaintiffs' arrests.

124(V).

The City/Parish objects to any identification of individuals that have a pending civil lawsuit that has not been adjudicated. Along the same line, each case stands on its own merit or lack thereof, and any defendant cannot be charged with defending or trying the same case twice. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 124(V)

for lack of sufficient information to justify a reasonably belief therein, as written, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the allegations refer to individuals and events not related to the facts and circumstances of Plaintiffs' arrests.

125.

The City/Parish denies the allegations of Paragraph 125 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact.

126.

The City/Parish denies the allegations of Paragraph 126 for lack of sufficient information to justify a reasonably belief therein, and to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact.

127.

The City/Parish denies the allegations of Paragraph 127 for lack of sufficient information to justify a reasonably belief therein, to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

128.

The City/Parish denies the allegations of Paragraph 128 as written, to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact.

129.

The City/Parish denies the allegations of Paragraph 129 as written and out of an abundance of caution to whatever extent necessary, incorporates each foregoing response to each particular paragraph as of contained herein.

130.

The City/Parish denies the allegations of Paragraph 130 to the extent the allegations are a restatement of Paragraph 119, which calls for a legal conclusion rather than a matter of fact. Further answering, to whatever extent necessary, the City/Parish agrees with the recitation of legal theories for *Monell* liability against a municipality, but denies that any such legal theory of liability exists or applies in this matter.

131.

The City/Parish denies the allegations of Paragraph 131 to the extent the allegations are a restatement of Paragraph 120, which calls for a legal conclusion rather than a matter of fact. Moreover, Paragraph 131 appears to quote or reiterate one general principle of deliberate indifference referred to by *Gomez v. Galman,* 18 F.4th 769 (5h Cir. 2021) and *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397 (1997), which are jurisprudence that best speak for themselves.

132.

The City/Parish denies the allegations of Paragraph 132 to the extent the allegations are a restatement of Paragraph 121, which calls for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1). Moreover, Paragraph 132 appears to quote or reiterate one general principle of deliberate indifference referred to by *Gros v. City of Grand*

28

*Prairie,* 209 F.3d 431 (5h Cir. 2000) and *Snyder v. Trepagnier,* 142 F.3d 791 (5th Cir. 1998), which are jurisprudence that best speak for themselves.

133.

The City/Parish denies the allegations of Paragraph 133 and each of its five subparts 4, 5, 6, 7, and 8 for lack of sufficient information to justify a reasonably belief therein, as written, and to the extent the allegations of each subpart call for a legal conclusion rather than a matter of fact.

134.

The City/Parish objects to any identification of individuals that have a pending civil lawsuit that has not been adjudicated. Along the same line, each case stands on its own merit or lack thereof, and any defendant cannot be charged with defending or trying the same case twice. Further objecting, subparts (I)-(XIII) of Paragraph 134 are reiterations of Paragraphs 79, 81-92, which have already been responded to above herein. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 134 and each of its subparts (I)-(XIII) as written, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1), and to the extent the allegations refer to individuals and events not related to the facts and circumstances of Plaintiffs' arrests. Out of an abundance of caution and to whatever extent necessary, the City/Parish repeats and reiterates its responses to Paragraphs 79, 81-92 as if contained in full in response to Paragraph 134(I)-(XIII).

135.

The City/Parish denies the allegations of Paragraph 135 and each of its subparts (A)-(K) as written, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1). Further responding, the documents referred to within subparts (A)-(K) are external documents separate from the pleadings without attachment thereof. The City/Parish asserts that any such document best speaks for itself, but is subject to independent review and cross examination.

136.

The City/Parish denies the allegations of Paragraph 136 for lack of sufficient information to justify a reasonable belief therein, as written, to the extent the allegations call for a legal conclusion rather than a matter of fact, but admits that the "2020 Census Data for Baton Rouge by District and Race" best speaks for itself, but is subject to independent review and cross examination regarding any application or lack thereof to the allegations of Paragraph 136.

137.

The City/Parish objects to the extent the allegations of Paragraph 137 consist of beliefs of Plaintiffs' counsel. Subject to and without waiving same, the City/Parish denies the allegations of Paragraph 137 for lack of sufficient information to justify a reasonable belief therein.

138.

The City/Parish denies the allegations of Paragraph 138 for lack of sufficient information to justify a reasonable belief therein, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

139.

The City/Parish denies the allegations of Paragraph 139 as written and out of an abundance of caution to whatever extent necessary, incorporates each foregoing response to each particular paragraph as of contained herein.

140.

The City/Parish denies the allegations of Paragraph 140 and its subparts (A)-(D) for lack of sufficient information to justify a reasonable belief therein, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

141.

The City/Parish denies the allegations of Paragraph 141 for lack of sufficient information to justify a reasonable belief therein, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

142.

The City/Parish denies the allegations of Paragraph 142 for lack of sufficient information to justify a reasonable belief therein, to the extent the allegations call for a legal conclusion rather than a matter of fact.

143.

The City/Parish denies the allegations of Paragraph 143 for lack of sufficient information to justify a reasonable belief therein, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

144.

The City/Parish denies the allegations of Paragraph 144 for lack of sufficient information to justify a reasonable belief therein, to the extent the allegations call for a legal conclusion rather than a matter of fact.

145.

The City/Parish denies the allegations of Paragraph 145 for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

146.

The City/Parish denies the allegations of Paragraph 146 for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

147.

The City/Parish denies the allegations of Paragraph 147 to the extent the general premise is inferred toward Plaintiffs' claims in this matter for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

148.

The City/Parish denies the allegations of Paragraph 148 to the extent the general premise is inferred toward Plaintiffs' claims in this matter for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

149.

The City/Parish denies the allegations of Paragraph 149 for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact.

150.

The City/Parish denies the allegations of Paragraph 150 for lack of sufficient information to justify a reasonable belief therein, to the extent the allegations call for a legal conclusion rather than a matter of fact, and to the extent the complete paragraph is not properly visible for failure to comply with the margin requirements provided by M.D.La. L.R. 10(a)(1).

151.

The City/Parish denies the allegations of Paragraph 151 for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact. Further responding, the Louisiana Constitution of 1974 is a legislative document that best speaks for itself.

152.

The City/Parish denies the allegations of Paragraph 152 for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion and medical opinion rather than a matter of fact. Further responding, the Louisiana Constitution of 1974 is a legislative document that best speaks for itself.

153.

The City/Parish denies the allegations of Paragraph 153 as written and out of an abundance of caution to whatever extent necessary, incorporates each foregoing response to each particular paragraph as of contained herein.

154.

The City/Parish denies the allegations of Paragraph 154 for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

155.

The City/Parish denies the allegations of Paragraph 155 to the extent the general premise is inferred toward Plaintiffs' allegations of fact in this matter as written, and to the extent the allegations call for a legal conclusion rather than a matter of fact. Moreover, Paragraph 155 appears to quote or reiterate legal principles of *Kingley v. Hendrickson*, 576 U.S. 389 (2015), which is jurisprudence that best speaks for itself.

156.

The City/Parish denies the allegations of Paragraph 156 for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

157.

The City/Parish denies the allegations of Paragraph 157 and its subparts (a)-(e) for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

158.

The City/Parish denies the allegations of Paragraph 158 for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

159.

No response is required from the City/Parish of Paragraph 159. Nevertheless, out of an abundance of caution to whatever extent a response is necessary, the City/Parish admits same.

160.

The City/Parish denies the allegations of Paragraph 160 for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

161.

The City/Parish denies the allegations of the unnumbered paragraph beginning "WHERFORE…" for lack of sufficient information to justify a reasonable belief therein, as written, and to the extent the allegations call for a legal conclusion rather than a matter of fact.

AND NOW, FURTHER ANSWERING PLAINTIFF'S SECOND AMENDED COMPLAINT, THE CITY/PARISH SHOWS AS FOLLOWS:

161.

Plaintiff has failed to state a claim upon which relief can be granted.

162.

Plaintiff did not state a claim against the City/Parish pursuant to 42 U.S.C. § 1983.

163.

The City/Parish affirmatively pleads its officers' actions were reasonable, taken in good faith, and for legitimate purposes of criminal activity prevention and pursuant to a lawful search warrant signed by Honorable Tarvald Smith on June 1, 2023 at 2:49 P.M. upon Plaintiffs' residential property located at 1534 Aster Street due inter alia to "Shotspotter" activation on May 31, 2023 at 1:54 A.M. reporting "22" rounds fired in the area in a machine gun or handgun

equipped with an auto-sear (switch), confirmed location from neighbors who reported for the past three nights occupants from the house  (1534 Aster Street) shooting firearms at night, and further confirmed bullet holes in the wooden fence in the rear of the residence.

164.

The City/Parish affirmatively pleads that all named officers were properly trained in accordance with Louisiana Peace Officer Standards and Training ("POST").

165.

The City/Parish affirmatively pleads that all challenged police policies, including but not limited to General Order No. 281, were reviewed and certified by the Commission on Accreditation for Law Enforcement Agencies, Inc. ("CALEA").

166.

Alternatively, in the event any police officer is found to have committed a constitutional tort upon Plaintiff, the City/Parish affirmatively pleads a municipality cannot be held vicariously liable for the constitutional torts of its employees or agents as liability may not rest on a theory of *respondeat superior*.

167.

Upon information and belief, Plaintiffs have incurred no actual damages, or is not entitled to recover statutory damages.

168.

The City/Parish affirmatively pleads that any and all claims the injuries and damages alleged by Plaintiff, to whatever extent later proven, were not caused by the alleged incident giving rise to this action.

169.

Any and all physical injuries that may have been suffered by any Plaintiff was caused solely and entirely by reasonable and responsive actions by an officer to defuse, minimize, or deter harmful conduct by the Plaintiff-actor during the execution of the lawful search warrant and/or Plaintiffs' efforts to elude police officers during same.

170.

The City/Parish affirmatively pleads that Plaintiff's actions and inactions on June 6, 2023 created reasonable suspicion and probable cause for their detention and arrest.

171.

Alternatively, Plaintiff(s) failed to mitigate or prevent any and all of the alleged damages.

172.

The City/Parish affirmatively pleads that that the incident complained of herein was caused either solely (or in part) by the fault and negligence of Plaintiffs or third persons with which the City/Parish has no legal or actual relationship, and therefore, Plaintiffs' recovery should either be barred or reduced in accordance with the principles of comparative fault.

173.

The City/Parish specifically pleads the limitation on damages contained in La. R.S. 13:5106.

174.

The City/Parish specifically pleads the limitation on legal interest and court costs contained in La. R.S. 13:5112.

175.

The City/Parish specifically pleads the limitations of liability for public bodies contained in La. R.S. 9:2798.1 and 9:2800.

176.

The City/Parish specifically pleads the restrictions and rules as to public bodies contained in La. R.S. 13:5105.

177.

The City/Parish prays for trial by jury.

**WHEREFORE**, the City/Parish respectfully prays that this answer be deemed good and sufficient and after all due legal proceedings and delays that there be judgment herein favor of the City/Parish and against plaintiff, dismissing all claims contained within Plaintiff's Amended Complaint with prejudice, at Plaintiff's cost.

**FURTHER**, the City/Parish prays for a trial by jury on all issues.

**RESPECTFULLY SUBMITTED:**
**A.  GREGORY ROME**
**PARISH ATTORNEY**

**/s/ Michael P. Schillage**
**Michael P. Schillage (#35554)**
**Sr. Special Assistant Parish Attorney**
222 St. Louis Street, Suite 902
Baton Rouge, Louisiana 70802
Telephone:     (225) 389-3114
Facsimile:     (225) 389-8736
Email: mschillage@brla.gov
*Attorney for Defendant, City of Baton*
*Rouge/Parish of East Baton Rouge*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a copy of the foregoing was this date sent to all counsel of record by electronic mail to the email address listed with the Court's electronic filing system, facsimile, and/or U.S. mail, postage prepaid and properly addressed. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, postage prepaid, and properly addressed.

Baton Rouge, Louisiana this 12th day of March, 2025.

<u>**/s/ Michael P. Schillage**</u>
**MICHAEL P. SCHILLAGE**