**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**LAKEISHA VARNADO, ET AL**          **CIVIL ACTION NO: 3:24-cv-00133-SDD-RLB**

**VERSUS**                           **CHIEF JUDGE SHELLY D. DICK**

**JOSEPH CARBONI, ET AL**            **MAGISTRATE JUDGE RICHARD L.**
                                     **BOURGEOIS, JR.**

**MEMORANDUM IN SUPPORT OF**
**SECOND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(b)(6)**

NOW INTO COURT, through undersigned counsel, comes Defendant, DAVID KENNEDY,

who respectfully submits the following in support of his Second Motion to Dismiss Pursuant to Fed.

R. Civ. P. Rule 12(b)(6).

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-v

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2
     A.   Plaintiffs' Complaints . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     B.   Previous Motion Practice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

II.  LAW AND ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-21
     A.   Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4
     B.   Standard Under Fed. R. Civ. P. Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . 4-6
     C.   Overview. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7
     D.   Qualified Immunity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-9
     E.   Federal Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-15
          1.   Unreasonable Search and Seizure (Fourth Amendment) . . . . . . . . . . 10-11
          2.   The Fourteenth Amendment Claims. . . . . . . . . . . . . . . . . . . . . . . . . 11-14
          3.   Failure to Intervene/Bystander Liability . . . . . . . . . . . . . . . . . . . . . . 14-15
     F.   State Law Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-21
          1.   Assault and Battery. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-17
          2.   Negligence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
          3.   Intentional Infliction of Emotional Distress . . . . . . . . . . . . . . . . . . . . . 18
          4.   Claims Under the Louisiana Constitution. . . . . . . . . . . . . . . . . . . . . . 18-19
          5.   Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19-21

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22-23

**TABLE OF AUTHORITIES**

**CASES:**

Ashcroft v. Iqbal,
　　556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) . . . . . . . . . . . . . . 4,5

Behrens v. Pelletier,
　　516 U.S. 299, 309, 116 S. Ct. 834, 840, 133 L. Ed. 2d 773 (1996) . . . . . . . . . . . . . . . . . 7

Bell Atl. Corp. v. Twombly,
　　550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) . . . . . . . . . . . . . . 4,5

Burton v. Owens,
　　511 F. App'x 385, 388 (5th Cir. 2013) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

C.M. v. United States,
　　672 F. Supp. 3d 288, 353 (W.D. Tex. 2023). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Carswell v. Camp,
　　54 F.4th 307, 312 (5th Cir. 2022), cert. denied, 144 S. Ct. 73, 217 L. Ed. 2d 12 (2023)  8-9

Cherry Knoll, LLC v. Jones,
　　922 F. 3d 309, 318 (5th Cir. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Davis v. Romer,
　　600 F. App'x 926, 929 (5th Cir. 2015), as revised (Feb. 3, 2015). . . . . . . . . . . . . . . . . . 10

Fairchild v. Coryell County, Texas,
　　40 F.4th 359 (5th Cir. 07/14/2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Gonzalez v. Bank of America,
　　2013 WL 12129937 (W.D. Tex. 1/18/2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Graham v. Conner,
　　490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) . . . . . . . . . . . . . . . 11,12,13

Guerra v. Castillo,
　　82 F. 4th 278, 285 (5th Cir. 2023). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hale v. Townley,
　　45 F.3d 914,920 (5th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Harlow v. Fitzgerald,
        457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) . . . . . . . . . . . . . . . . . . . . 7-8

Heinze v. Tesco Corp.,
        971 F. 3d 475, 479 (5th Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Hey v. Irving,
        161 F. 3d 7 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Johnson v. City of Shelby, Miss.,
        574 U.S. 10, 12, 135 S. Ct. 346, 347, 190 L. Ed. 2d 309 (2014) (per curiam) . . . . . . . . 5-6

Joseph on behalf of Estate of Joseph v. Bartlett,
        981 F.3d 319,330 (5th Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Kador O/B/O Willis v. Gautreaux,
        2024 WL 1261897 (M.D. La. 03/25/2024). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16,19

Kingsley v. Hendrickson,
        576 U.S. 389, 135 S.Ct. 2466, 192 L. Ed. 2d 416 (2015). . . . . . . . . . . . . . . . . . . . . . . . 12

Leinneweber v. Unicare Life & Health Ins. Co.,
        2009 WL 3837873 (W.D. Tex. 11/12/2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Lincoln v. Turner,
        874 F.3d 833, 848-849 (5th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Mandawala v. Ne. Baptist Hosp.,
        16 F.4th 1144, 1150 (5th Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Matherne v. Houma Police Dep't.,
        2025 WL 1132321, at *4 (E.D. La. 3/20/25), report and recommendation adopted,
        2025 WL 1125076 (E.D. La. 4/16/25) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

McClendon v. City of Columbia,
        305 F. 3d 314, 323 (5th Cir. 2002)(en banc)(per curiam) . . . . . . . . . . . . . . . . . . . . . . . . 7

McLin v. Ard,
        866 F. 3d 682 (5th Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Meadours v. Ermel,
        483 F. 3d 417 (5th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Moreno v. Kwarting,
     2021 WL 6010573 (S.D. Tex, 6/1/2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Moresi v. Department of Wildlife and Fisheries,
     567 So.2d 1081, 1093 (La. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Morgan v. Swanson,
     659 F.3d 359,371 (5th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

N.S. v. City of Alexandria,
     2014 WL 4274108, at *4 (W.D. La. 08/28/14). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Rincon v. Elizondo,
     2022 WL 4241662, at *3 (S.D. Tex. 8/24/22) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Roberts v. City of Shreveport,
     397 F.3d 287, 297 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Roy v. City of Monroe,
     950 F.3d 245 (5th Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Sanchez v. Swyden,
     139 F.3d 464, 466 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Sellers v. Henman,
     41 F. 3d 1100 (7th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Skinner v. Gautreaux,
     593 F. Supp. 3d 383 (M.D. La. 03/24/2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Smith v. Heap,
     31 F. 4th 905, 910 (5th Cir. 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Stewart v. Murphy,
     174 F. 3d 530 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Streetman v. Jordan,
     918 F.2d 555,557 (5th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Sweetin v. City of Tex. City,
     48 F. 4th 387, 392 (5th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tennessee v Garner,
        471 U.S. 1, 105 S. Ct. 1694, 85 L.Ed 2d 1 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Terwilliger v. Reyna,
        4 F.4th 270, 280 (5th Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Valencia v. Wiggins,
        981 F.2d 1440 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

White v. Monsanto Co.,
        585 So. 2d 1205 (La. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

White v. U.S. Corr., LLC,
        996 F. 3d 302, 306-307 (5th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Williams v. Castro,
        2008 WL 4450314 (W.D. Tex. 9/29/08). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Zapata v. Melson,
        750 F. 3d 481, 485 (5th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## ARTICLES/RULES/STATUTES/OTHER:

42 USC § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,9,16,19,20

Fourth Amendment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,10-14,18-19

Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4,11-14,19,21

Fed. R. Civ. P. Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

La. Const. Art. I, § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18,19

La. Const. Art. I, § 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18,19

## I.     INTRODUCTION

### A.     Plaintiffs' Complaints

On February 20, 2024, Lakeisha Varnado, individually, and on behalf of minors, K.A.V. and K.E.V., and Tredonovan Raby, on behalf of minor, T.R., filed a Complaint and named Joseph Carboni, Lorenzo Coleman, Tafari Beard, the City of Baton Rouge and the Parish of East Baton Rouge as Defendants. [Doc. 1]. On June 4, 2024, the Plaintiffs filed an Amended Complaint and added David Kennedy as a Defendant. [Doc. 9]. On February 12, 2025, the [Second] Amended Complaint was filed listing the same Defendants as the Amended Complaint. [Doc. 48]. On April 23, 2026, a Third Amended Complaint was filed and again made claims against all Defendants. [Doc. 76].

### B.     Previous Motion Practice

On August 29, 2024, Defendant, Tafari Beard, filed a Motion to Dismiss the claims made against him by all Plaintiffs. [Doc. 49]. On November 25, 2025, a Ruling was issued which GRANTED, in part and DENIED, in part, Beard's Motion. Contained within the Ruling is the following description of the allegations made in the [Second] Amended Complaint against Kennedy, which were:

> While handcuffed, Coleman allegedly dragged K.E.V. into a holding cell, choked him, and left him in the holding cell shackled to a cement block. Later, while K.E.V. was still shackled in the holding cell, Kennedy hit K.E.V., which knocked him unconscious. Kennedy left the unconscious K.E.V. in the holding cell.
> [Doc. 64, p. 4, citing the [Second] Amended Complaint at pp. 9, 23, 36 and 39].

> The Ruling went on to detail all claims made, which are:

> 1)     State law battery, assault, Intentional Infliction of Emotional Distress (IIED), and negligence against all Defendants;

2)      Violation of Article I, Sections 2 and 5 of the Louisiana Constitution and an unreasonable seizure claim under the Fourth Amendment against Kennedy and the other individual Defendants;

3)      Failure to intervene under the Fourth Amendment against Kennedy and the other individual Defendants;

4)      Cruel and unusual punishment under the Eighth and Fourteenth Amendments;

5)      Unreasonable search under the Fourth Amendment against Joseph Carboni;

6)      Excessive force claims against Kennedy, Carboni and Coleman; and

7)      A Monell claim against the City of Baton Rouge and the Parish of East Baton Rouge.

On May 4, 2026, a Motion to Dismiss was filed by Kennedy, which sought dismissal of the [Second] Amended Complaint, which was understood to be the operative Complaint. [Doc. 77].[1] On April 23, 2026, Plaintiffs' Third Amended Complaint was filed, which was essentially identical to the [Second] Amended Complaint, except for new allegations made against Beard and to add a conspiracy claim against all individual Defendants. [Doc. 76, pp. 2 and 76]. The following shows that all claims of the Plaintiffs made in the now operative Third Amended Complaint, should be dismissed, with full prejudice, except for the use of force and battery claim made by K.E.V. for one strike by Kennedy.

---

[1] At the time of filing of the initial MTD, it was first learned that a Third Amended Complaint had been filed on April 23, 2026. Undersigned counsel was not provided a courtesy copy, Kennedy was not served and no waiver of service was sought. On May 14, 2026, undersigned counsel for Kennedy agreed to accept service.

## II.    LAW AND ARGUMENT

### A.    Summary of Argument

A review of the Third Amended Complaint reveals the allegation that:

Defendant David Kennedy used excessive force when he hit the minor K.E.V. while he was handcuffed and detained at the BRAVE Cave causing him to lose consciousness.
[Doc. 76, ¶ 116, p. 23].

The above allegation is the sole factual claim that identified Kennedy as having violated the

rights of K.E.V. through the use of excessive force. [2]But there are no specific allegations of fact

made against Kennedy for the claims made by Varnado on behalf of K.A.V. and Raby on behalf of

T.R.[3] The following claims are sought to be dismissed by Kennedy:

1)    Count I - Unreasonable seizure - transportation to and detention at the BRAVE Cave and search of the dwelling;

2)    Count II - Unreasonable search at the BRAVE Cave;

3)    Count III - Failure to intervene/bystander liability pursuant to the Fourth Amendment;

4)    Count IV - Excessive use of force, except for the claim that Kennedy used excessive force when he struck K.E.V. while he was handcuffed and detained at the BRAVE Cave;[4]

---

[2] It is acknowledged that there is an allegation that Kennedy choked K.E.V. while he was handcuffed and shackled. But, it is believed that this is a drafting error and that this claim is actually directed at Coleman. [Doc. 76, ¶ 36, p. 9, ¶ 116 (d), p. 23, ¶ 141, p. 33].

[3] No Plaintiff should be allowed to amend the Complaint because all Plaintiffs have had four attempts to make sufficient claims and allegations against Kennedy.

[4] Kennedy is not seeking to have the excessive force claim be dismissed; however, it is submitted that Kennedy's actions are not subject to a Fourteenth Amendment claim.

5)      Count XV - Fourteenth Amendment cruel and unusual punishment by inflicting sexual physical harm and emotional distress;

6)      Counts IX, X, XI and XII - All Assault claims under state law;

7)      Counts IX, X, XI and XII - Battery claims made by K.A.V., T.R. and Varnado;[5]

8)      Counts IX, X, XI and XII - Intentional Infliction of Emotional Distress;

9)      Counts IX, X, XI and XII - Negligence;

10)     Counts XIII and XIV - Due Process violation pursuant to La. Const. Art. I, Section 2;

11)     Counts XIII and XIV - Unreasonable search and seizure pursuant to La. Const. Art. I, Section 5 for the any search or detention of K.A.V., T.R. and Varnado; and,

12)     Count XVI - Conspiracy.

[Doc. 76].

**B.      Standard Under Fed. R. Civ. P. Rule 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'."Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).). This inquiry requires two steps. Id. First, a court must "identify the complaint's well-pleaded factual content," setting aside any unsupported legal conclusions. Id. Second, a court assesses whether the allegations are plausible. Id.

If, after viewing the factual allegations in the light most favorable to the plaintiff, a court finds the claim is implausible or cannot reasonably infer the defendant is liable for the alleged

---

[5] Kennedy does not seek dismissal of the battery claim made by K.E.V. for Kennedy's alleged strike.

misconduct, dismissal is proper. Iqbal, 556 U.S. at 678. Assessing a complaint for plausibility is a "context-specific task," and a court must "draw on its judicial experience and common sense." Id. at 679. Notably, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citation omitted).

When ruling on a motion to dismiss, a court must: "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." White v. U.S. Corr., LLC, 996 F. 3d 302, 306-307 (5th Cir. 2021). But a court does not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. Heinze v. Tesco Corp., 971 F. 3d 475, 479 (5th Cir. 2020)(citations and internal quotation marks omitted). "And despite the natural focus on the allegations of the operative pleading, the party moving for dismissal under Rule 12(b)(6) has the burden to show that dismissal is warranted." C.M. v. United States, 672 F. Supp. 3d 288, 353 (W.D. Tex. 2023).

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)(citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.; Ashcroft, 556 U.S. at 678.(emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A plaintiff needs not plead the legal basis for a claim, but he "must plead facts sufficient to show that [the] claim has substantive plausibility." Johnson v. City of Shelby, Miss., 574 U.S. 10, 12, 135 S. Ct. 346, 347, 190 L. Ed. 2d 309 (2014) (per curiam). And a plaintiff satisfies that standard when he alleges "simply, concisely, and directly events" that are

sufficient to inform the defendant of the "factual basis" of their claim. Id. Facts alleged by a plaintiff must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

To withstand a motion to dismiss under Rule 12 (b)(6), a plaintiff must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail. Facts that only conceivably give rise to relief do not suffice. Thus, though a court generally takes as true what a complaint alleges, a court does not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action. Smith v. Heap, 31 F. 4th 905, 910 (5th Cir. 2022)(quoting Mandawala v. Ne. Baptist Hosp., 16 F.4th 1144, 1150 (5th Cir. 2021)). As Twombly states, to avoid dismissal under Rule 12 (b)(6), a plaintiff must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. The focus is not on whether the plaintiff will ultimately prevail, but whether the court should permit that party to present evidence to support adequately asserted claims. Id. at 563, n. 8. Further, determining plausibility is a "context-specific task," that a court must perform in light of their "judicial experience and common sense." Iqbal, 556 U.S. at 679.

## C.    Overview

The Third Amended Complaint fails to state a claim for relief as detailed above against Kennedy because it utterly fails to articulate any specific action he allegedly took, other than the claim that he struck K.E.V on one occasion. Where a complaint fails to plead specific allegations as to an individual defendant's alleged activities, claims against that defendant are properly dismissed. (See Hey v. Irving, 161 F. 3d 7 (5th Cir. 1998), Moreno v. Kwarting, 2021 WL 6010573 (S.D. Tex, 6/1/2021), Gonzalez v. Bank of America, 2013 WL 12129937 (W.D. Tex. 1/18/2013),

Page 6 of 23

Leinneweber v. Unicare Life & Health Ins. Co., 2009 WL 3837873 (W.D. Tex. 11/12/2009) ("As a threshold matter, there are no specific allegations directed at Benchmark in the petition. The factual allegations in the complaint are all directed at UniCare or, most often, the generic 'Defendants.' This is not sufficient specificity to state a claim against Benchmark.")).

### D.    Qualified Immunity

When a "motion to dismiss raises the defense of qualified immunity, a plaintiff 'must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm ... alleged and that defeat a qualified immunity defense with equal specificity.'" McLin v. Ard, 866 F. 3d 682 (5th Cir. 2017) (quoting Zapata v. Melson, 750 F. 3d 481, 485 (5th Cir. 2014)); accord Guerra v. Castillo, 82 F. 4th 278, 285 (5th Cir. 2023); Terwilliger v. Reyna, 4 F.4th 270, 280 (5th Cir. 2021). But to trigger "the qualified-immunity framework," the defendant "must 'satisfy his burden of establishing that the challenged conduct was within the scope of his discretionary authority.' " Sweetin v. City of Tex. City, 48 F. 4th 387, 392 (5th Cir. 2022)(quoting Cherry Knoll, LLC v. Jones, 922 F. 3d 309, 318 (5th Cir. 2019)). When addressing qualified immunity through a motion to dismiss, courts scrutinize the conduct of the defendant as alleged in the complaint for objective legal reasonableness. McClendon v. City of Columbia, 305 F. 3d 314, 323 (5th Cir. 2002)(en banc)(per curiam); accord Behrens v. Pelletier, 516 U.S. 299, 309, 116 S. Ct. 834, 840, 133 L. Ed. 2d 773 (1996).

"Government officials sued for damages under § 1983 are entitled to qualified immunity, and thus protected from liability for civil damages, as long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Burton v. Owens, 511 F. App'x 385, 388 (5th Cir. 2013) (per curiam) (quoting Harlow v. Fitzgerald,

457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). "The plaintiff's burden is a formidable one." Roy v. City of Monroe, 950 F.3d 245 (5th Cir. 2020). A plaintiff bringing a constitutional violation claim has the ultimate burden to show that a defendant violated a constitutional right - - that is, the plaintiff must make this showing whether or not qualified immunity is involved. Joseph on behalf of Estate of Joseph v. Bartlett, 981 F.3d 319,330 (5th Cir. 2020) and Morgan v. Swanson, 659 F.3d 359,371 (5th Cir. 2011).

Plaintiffs have not alleged when, where or how Kennedy violated their rights, other than the excessive force/battery claim of K.E.V., and have also failed to alleged facts to show that Kennedy's actions were objectively unreasonable in light of clearly established constitutional law. Plaintiffs "must point to case law showing the federal right is 'sufficiently clear to put a reasonable officer on notice that certain conduct violates that right'." Rincon v. Elizondo, 2022 WL 4241662, at *3 (S.D. Tex. 8/24/22)(quoting Sanchez v. Swyden, 139 F.3d 464, 466 (5th Cir. 1998). On a motion to dismiss, a plaintiff must "demonstrate that the law was clearly established in this area on the date of the incident. . . That is, the right must be "'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" Lincoln v. Turner, 874 F.3d 833, 848-849 (5th Cir. 2017). "This inquiry does not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Id. Further, the Fifth Circuit in Carswell v. Camp, 54 F.4th 307, 312 (5th Cir. 2022), cert. denied, 144 S. Ct. 73, 217 L. Ed. 2d 12 (2023) set out:

> When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—"cabined or otherwise"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense. Ibid. The rule

is that "a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation"— full stop. Ramirez, 3 F.4th at 133 (citing Mitchell, 472 U.S. at 526–27, 105 S.Ct. 2806).

None of this means, of course, that the QI determination must be made once-and-for-all at the motion-to-dismiss stage. Today we only hold that where the pleadings are insufficient to overcome QI, the district court must grant the motion to dismiss without the benefit of pre-dismissal discovery. Similarly, where the pleadings are sufficient to overcome QI, the district court must deny the motion to dismiss without the benefit of pre-dismissal discovery.

It is axiomatic that the acts of individuals must be considered **individually** in a 1983 action. (See Stewart v. Murphy, 174 F. 3d 530 (5th Cir. 1999); See also Meadours v. Ermel, 483 F. 3d 417 (5th Cir. 2007), and Sellers v. Henman, 41 F. 3d 1100 (7th Cir. 1994)). The Plaintiffs' burden of proof includes the requirement that they not only allege that constitutionally violative acts occurred but also **who** committed those acts. As a review of the Third Amended Complaint makes plain, there are no facts pled that describe what role Kennedy played in any of the claimed federal violations or state law torts against Varnado, K.A.V. or T.R. Without alleging facts as to Kennedy's involvement, then Plaintiffs cannot defeat Kennedy's motion that he is entitled to qualified immunity, and accordingly all claims made by Varnado, K.A.V. and T.R., as to Kennedy, should be dismissed. Further, all claims made by K.E.V., other than the battery/use of force claim should be dismissed.

**E.    Federal Claims**

In this Court's Ruling on the Motion to Dismiss filed by Beard, the claims asserted by the Plaintiffs were addressed, in order, by this Court. The following is submitted in the same order as previously addressed in the earlier ruling. [Doc. 64].

### 1.    Unreasonable Search and Seizure (Fourth Amendment)

Count I, the federal claim for unreasonable search and seizure under the Fourth Amendment, is first mentioned in the introductory paragraph of the Third Amended Complaint where it is alleged that the claim was made against Kennedy, Carboni, Coleman and Beard. [Doc. 76, p. 20]. The factual allegations supporting that claim are found in Paragraphs 102-106. [Doc. 76, p. 21]. But these paragraphs make no allegation that Kennedy took part or played any role in any of the claimed misconduct. Instead, these paragraphs only mention Beard and focus on the alleged constitutional violations as to T.R. The Plaintiffs also highlight the "decision to take the minor children K.A.V., K.E.V., and T.R. to 'the BRAVE Cave' and to continue holding them there for hours" but fail to make any allegation that Kennedy participated in the seizure of any of the Plaintiffs from their home, the decision to take them to the BRAVE Cave, or took part in "continu[ing] to hold them there." Again, the specific claims detailed in Count I focus on the detention of the Plaintiffs which Kennedy was not alleged to have participated in.

As this Court previously noted, the Fourth Amendment guarantees the right to be free from "unreasonable searches and seizures" citing Davis v. Romer, 600 F. App'x 926, 929 (5th Cir. 2015), as revised (Feb. 3, 2015). [Doc. 64, p. 9]. But, there are no allegations that Kennedy was present or participated in an unreasonable search or seizure of T.R., K.A.V., or Varnado or the house. Further, the only claimed interaction that Kennedy had with any of the Plaintiffs was his single strike to K.E.V., in contrast to the specific allegations made against Beard and the other individual Defendants. Accordingly, all Fourth Amendment unreasonable seizure claims made against Kennedy for anything other than the alleged use of force on K.E.V. (upon information and belief this claim is found in Count IV) should be dismissed with full prejudice because Plaintiffs make no allegations

of Kennedy's actions under the Fourth Amendment to proceed against him. Further, his lack of participation also shows that he is entitled to qualified immunity on all Fourth Amendment claims against him at this time, other than those for the alleged use of force on K.E.V.[6]

In Count IV, a variety of excessive force claims were made against Carboni, Coleman, Beard and two unknown officers. But the only excessive force claim made against Kennedy was that he "used excessive force when he hit the minor K.E.V. while he was handcuffed and detained at the BRAVE Cave causing him to lose consciousness." [Doc. 76, ¶ 116, p. 23]. Accordingly, all other claims for excessive force made by all other Plaintiffs should be dismissed, with full prejudice.

### 2.     The Fourteenth Amendment Claims

Graham v. Conner, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) provides guidance and authority for the dismissal of all claims made under the Fourteenth Amendment, Due Process clause, for excessive force. At trial in Graham, it was argued that excessive force was used during the course of a traffic stop which violated the Fourteenth Amendment. The trial court's use of a Due Process analysis on the use of force was affirmed by the court of appeal. In Graham, the Court held that the trial court and the court of appeal improperly relied upon the Fourteenth Amendment analysis and committed error in determining liability. After citing and discussing Tennessee v Garner, 471 U.S. 1, 105 S. Ct. 1694, 85 L.Ed 2d 1 (1985), the Graham Court reached the following holding:

> Today we make explicit what was implicit in *Garner's* analysis, and

---

[6] Defendant Kennedy denies the allegations regarding his use of force on K.E.V., however, at this stage of the proceedings, the Court must accept all well-pled facts as true, and construe all reasonable inferences in the light most favorable to plaintiffs, rendering those factual disputes a topic for future litigation.

> hold that *all* claims that law enforcement officers had used excessive force - - deadly or not - - in the course of an arrest, investigatory stop or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.
> Graham, 490 U.S. at 396.

According to Graham, the Fourteenth Amendment Due Process clause does not provide protections to any of the Plaintiffs' claims. Instead, the Fourteenth Amendment Due Process claims for excessive force are made be pre-trial detainees. Kingsley v. Hendrickson, 576 U.S. 389, 135 S.Ct. 2466, 192 L. Ed. 2d 416 (2015); Fairchild v. Coryell County, Texas, 40 F.4th 359 (5th Cir. 07/14/2022). Here, the Plaintiffs were not pretrial detainees, as they had not been booked into a jail and the incidents of arrest had not been completed. See Valencia v. Wiggins, 981 F.2d 1440 (5th Cir. 1993); see Matherne v. Houma Police Dep't., 2025 WL 1132321, at *4 (E.D. La. 3/20/25), report and recommendation adopted, 2025 WL 1125076 (E.D. La. 4/16/25)("When alleged incidents of excessive force are based on events prior to booking the arrestee into a jail, they are covered by the Fourth, rather than Fourteenth Amendment."). Since no Plaintiff was a pre-trial detainee, all Fourteenth Amendment claims should be dismissed with prejudice and any use of force claims should be addressed using the Fourth Amendment framework.

It is alleged that during the course of the search of their home, the Plaintiffs were detained and suffered physical injury but Kennedy was not mentioned. It was also alleged that the Plaintiffs were transported to the BRAVE Cave by Beard and Coleman. Other allegations were made as to the actions or inactions of Carboni and various violations of BRPD policy. [Doc. 76, pp. 3-9]. In contrast, the only specific allegation regarding actions allegedly taken by Kennedy were:

> Sometime later, K.E.V., while still shackled in the holding cell, was accosted by Sgt. David Kennedy, the commander of BRPD's Street Crimes Unit, who subsequently

hit K.E.V., knocking him unconscious.
[Doc. 76, ¶ 37, p. 9].

The factual allegations made against Kennedy were again described as:
Sometime later, K.E.V. was knocked unconscious by Sgt. David Kennedy thereby committing the act of battery upon the minor.
[Doc. 76, ¶ 141, pp. 33-34].

It is acknowledged that it is alleged Kennedy also choked K.E.V. But the context and other allegations of the factual basis for that claim indicate that this was likely a drafting mistake and that Coleman was the one actually alleged to have performed the claimed misconduct. [Doc. 76, ¶ 157(d), p. 3].

Though Kennedy again avers this was the result of a drafting error, even if it is not, that claim does not arise under the Fourteenth Amendment, because, as noted above, K.E.V. was not a pre-trial detainee pursuant to Graham (showing that Kennedy's alleged use of force on K.E.V. is properly analyzed under a Fourth Amendment framework, a claim not sought to be dismissed). Furthermore, the Fourteenth Amendment claims are described as:

Subjecting Pretrial Detainees to Cruel and Unusual Punishment by Inflicting Sexual Physical Harm and Emotional Distress.
[Doc. 76, Count XV, p. 36].

These claims are asserted by all Plaintiffs against Carboni, Kennedy, Coleman, Beard and two unknown officers. But, the specific claims asserted were that:

1)    A flashbang was used to enter a home;

2)    K.E.V and K.A.V. were body slammed, punched and Tased by two unknown officers;

3)    K.E.V. was handcuffed and shackled by Coleman; and,

4)    Varnado and "her minor son T.R." were subjected to unconstitutional strip and body cavity searches by Carboni.

None of these Fourteenth Amendment claims were alleged to have been caused by Kennedy. [Doc. 76, ¶ 157]. Accordingly, those claims should be dismissed with prejudice as to Kennedy as well.

### 3. Failure to Intervene/Bystander Liability

In its recent Ruling, this Court set out the elements of a failure to intervene/bystander liability claim as follows:

> **F. Failure to Intervene/Bystander Liability**
> To state a bystander liability claim under the Fourth Amendment, a plaintiff must allege that: (1) the officer knew that a fellow officer was violating the plaintiff's rights; (2) the officer had a reasonable opportunity to prevent the harm; and (3) the officer chose not to act. A plaintiff must establish that the officer "knows that a fellow officer is violating an individual's constitutional rights." However, "[m]ere presence at the scene of the alleged use of excessive force, without more, does not give rise to bystander liability." The officer must have a "reasonable opportunity to realize the excessive nature of the force and to intervene to stop it." "In resolving whether a plaintiff has sufficiently alleged a bystander liability claim we also consider whether an officer acquiesce[d] in the alleged constitutional violation." "In making the determination of whether or not an officer acquiesced to the excessive force, courts consider the duration of the alleged use of force and the location of the suspect in relationship to the observing officer."
> [Doc. 64, p. 12].

Count III of the Third Amended Complaint details the failure to intervene claim which is made against all individual Defendants. [Doc. 76, p. 22]. In the Ruling, the factual allegations were interpreted to include claims for the search of T.R. and for the use of force against K.E.V. [Doc. 64, pp. 12-14]. Though the search of T.R. was focal to Beard's Motion, as he was allegedly present during that search, the same is not true for Kennedy. A review and comparison of the allegations made in the [Second] Amended Complaint and Third Amended Complaint reveal the same factual allegations; thus, the Court's failure to intervene analysis is still appropriate.

While it is acknowledged that the Court previously held that Plaintiffs adequately pled a

bystander liability claim against Beard for T.R.'s strip and cavity search, there are no similar allegations against Kennedy. The Third Amended Complaint specifically detailed Beard's actions as:

> **112.** The defendant Officers, Lorenzo Coleman, Joseph Carboni, David Kennedy, Tafari Beard, and Unknown Officers 1 & 2 observed their fellow officers violating the Plaintiffs' constitutional rights, had a reasonable opportunity to intervene, and chose not to act. Specifically the following act(s):
>
> **a.** As it relates to Officer Beard, while T.R was wearing only his underwear he was detained and seized in Beard's unit for hours. Beard subsequently escorted T.R into his home to allow him to get dressed. All of T.R.'s movements occurred in the presence of Beard and other officers. Beard subsequently transported T.R. to the B.R.A.V.E Cave where he observed the acts against T.R.
>
> **b.** As it relates to K.E.V: Officers Beard was present when the above acts were carried out against K.E.V. including being choked and knocked unconscious by two other officers. Furthermore, because of the design of the BRAVE Cave and the live TV recording of the area where the criminal and unconstitutional acts occurred all of the above listed officers had a reasonable opportunity to prevent the harm to K.E.V. and T.R.
>
> [Doc. 76, ¶ 112, p. 22].

Based on those pleadings, the Plaintiffs' claims for failure to intervene/bystander liability against Beard were deemed sufficient. However, no similar allegations were made against Kennedy. Plaintiffs fail to allege facts to show that Kennedy was in a proximity to observe and/or intervene in any of the claimed actions of the other BRPD officers on any other Plaintiff. Further, this lack of allegations supports Kennedy's entitlement to qualified immunity as alternative grounds for dismissal of the bystander liability claims. In summary, Plaintiffs failed to properly allege that (1) Kennedy violated a right of any of the Plaintiffs by failing to act or (2) that his actions/inactions were objectively unreasonable in light of existing law. Accordingly, the failure to intervene/bystander liability as to Kennedy should be dismissed, with full prejudice. [Doc. 76, pp. 22-23].

### F.    State Law Claims

As noted previously, Plaintiffs also brought state claims that largely parallel the federal claims against the individual Defendants. Much like those federal claims, the state claims which broadly reference Kennedy without reference to any allegedly tortious activity on his part should be dismissed. For the additional reasons discussed below, the state law claims against Kennedy, other than for the alleged battery of K.E.V., should be dismissed with prejudice.

#### 1.    Assault and Battery

As the Court set out in its Ruling on Beard's Motion to Dismiss:

> Under Louisiana law, a battery is defined as an intentional harmful or offensive contact with a person."The plaintiff must allege that the person accused of battery "intended to inflict an offensive contact without the plaintiff's consent." "Assault is the imminent threat of a battery." The plaintiff must allege that they were placed in "reasonable apprehension of harmful or offensive contact." Corrections officers cannot be held liable for use of force, unless that force is excessive. "Under Louisiana law, the same standard is used in analyzing a state law claim of excessive force as a federal constitutional claim—reasonableness under the circumstances." "The reasonableness of an officer's conduct is not measured [from] the view point of the victim but from that of a reasonable man in the officer's position."Louisiana's state law qualified immunity is "[i]dentical to the federal standard."
> [Doc. 64, pg. 15].

Here, "Because Plaintiff's assault, battery, and excessive force claims are essentially state law corollaries of her § 1983 claims for excessive force, the foregoing analysis of Plaintiff's § 1983 excessive force claims ... also applies to Plaintiff's state law claims for excessive force, assault, and battery." Kador O/B/O Willis v. Gautreaux, 2024 WL 1261897, *16 (M.D. La. 03/25/2024). Kennedy does not dispute that a battery claim has been properly pleaded by K.E.V. for the one strike. However, the same is not true for an assault claim. A review of the paragraphs in the Third Amended Complaint that mention Kennedy shows that at no point do the Plaintiffs ever allege that K.E.V. (the

only individual Plaintiff to allegedly interact with Kennedy) was "placed in reasonable apprehension of harmful or offensive contact." Instead, the Plaintiffs only allege that Kennedy committed a battery.[Doc. 76, ¶ 141, p. 33]. The Third Amended Complaint claims are insufficient to plead an assault against Kennedy, and any assault claim against him should be dismissed with prejudice.

**2.      Negligence**

In the Ruling, the Court set out the duty/risk analysis applicable to all negligence claims, which are:

1)    Did [Kennedy] owe a duty to the Plaintiffs;

2)    Was the duty breached;

3)    Was the conduct in question a substantial factor in bringing about the harm to the Plaintiff, *i.e.*, was it a cause-in-fact that the harm which occurred;

4)    Was the risk and harm caused within the scope of protection afforded by the duty breached; and,

5)    Actual damage.
[Doc. 64, pp. 17-18].

In page after page of allegations and discussion concerning instances of misconduct, there are no factual allegations that Kennedy participated in any of the claims made by Varnado, K. A.V., or T.R. Without any allegations directed to Kennedy that would support any of the elements necessary to prove a negligence claim, the Plaintiffs' negligence claims against him should be dismissed with prejudice, as well. Further, note that the state law claims made against Kennedy are an excessive force and battery claim made by K.E.V., which are intentional torts and not negligence. Accordingly, all claims based in state law negligence made by K.E.V. against Kennedy should also be dismissed, with full prejudice.

### 3.     Intentional Infliction of Emotional Distress

In the State Law Claims section, Counts IX, X, XI and XII, all Plaintiffs make a claim for

IIED against all Defendants. [Doc. 76, pp. 32-35]. The allegations made to support this claim were:

> In the instant case, extreme and outrageous conduct was exhibited by BRPD officers,
> which caused the intentional infliction of emotional distress upon the Plaintiffs when
> Ms. Varnado, T.R., K.E.V., and K.A.V. were detained and subjected to
> unconstitutional strip and body cavity searches, battered, choked and knocked
> unconscious by BRPD officers.
> [Doc. 76, ¶ 143, pp. 34-35].

As was repeatedly discussed, above, Kennedy was alleged to have struck K.E.V. once. There

are no claims made against Kennedy for the strip and body search or for touching anyone other than

K.E.V. Further, Plaintiffs failed to specifically plead that Kennedy had the intent to "inflict severe

emotional distress" or the knowledge "that severe emotional distress [was] certain or substantially

certain to result from his conduct," a required element for IIED claims. See White v. Monsanto Co.,

585 So. 2d 1205 (La. 1991). Accordingly, all claims made for IIED by all Plaintiffs against Kennedy

should be dismissed, with full prejudice.

### 4.     Claims Under the Louisiana Constitution

The Plaintiffs' State law claims include claims for the violation of Due Process pursuant to

La. Const. Art. I, § 2 and for an unreasonable search and seizure pursuant to La. Const. Art. I, § 5,

which claims are made against the individual Defendants, in Counts XIII and XIV. [Doc. 76, pp. 35-

36]. In Skinner v. Gautreaux, 593 F. Supp. 3d 383 (M.D. La. 03/24/2022), this Court addressed

claims that, in many respects, parallel the claims made here. For example, after quoting La. Const.

Art. I, § 5, this Court observed:

> It is the state law corollary to the Fourth Amendment to the United
> States Constitution ... so Plaintiff's claim under Article 1, Section 5

of the Louisiana Constitution is dismissed with prejudice.
Id. at 399.

Similarly, in Kador O/B/O Willis v. Gautreaux, 2024 WL 1261897 (M.D. La. 03/25/2024), this Court addressed claims made under La. Const. Art. I, § 2 for violations of its Due Process clause. In evaluating the Due Process claim made under Louisiana law, this Court stated:

> Thus, the Fourteenth Amendment Due Process analysis discussed under § 1983 applies to Plaintiff's Due Process claim under the Louisiana Constitution..."
> Id. at *18.

As was set out above, no Plaintiff has a Fourteenth Amendment, Due Process, claim against Kennedy. Accordingly, any claims made under the La. Const. Art. I, § 2, should also be dismissed, with full prejudice. It has been long held that qualified immunity is applicable to claims made under the Louisiana Constitution and that such qualified immunity is the same as federal qualified immunity. Roberts v. City of Shreveport, 397 F.3d 287, 297 (5th Cir. 2005), citing Moresi v. Department of Wildlife and Fisheries, 567 So.2d 1081, 1093 (La. 1990). Since Louisiana qualified immunity applies to the Louisiana Constitutional claim, with equal force, the Louisiana Constitutional claims should be dismissed for the same reasons and to the same extent detailed above. Specifically, all claims against Kennedy other than those for his alleged use of force against K.E.V., mirrored by the claim pursuant to La. Const. Art. I, § 5, should be dismissed with prejudice. See N.S. v. City of Alexandria, 2014 WL 4274108, at *4 (W.D. La. 8/28/14).

### 5.    Conspiracy

The Third Amended Complaint added a new claim that Carboni, Kennedy, Coleman, Beard and two unknown officers conspired to violate the constitutional rights of the Plaintiffs. In order to prevail on a § 1983 conspiracy claim, the Plaintiffs must establish:

1.    The existence of a conspiracy involving state action; and

2.    A deprivation of civil rights and furtherance of the conspiracy by a party to the conspiracy.

Streetman v. Jordan, 918 F.2d 555,557 (5th Cir. 1990) and Williams v. Castro, 2008 WL 4450314

(W.D. Tex. 9/29/08). Furthermore, a civil rights conspiracy is only actionable if an actual violation

of § 1983 resulted from it. Williams, and Hale v. Townley, 45 F.3d 914,920 (5th Cir. 1995). But, the

Plaintiffs do not properly plead any facts to support a conspiracy claim.  In summary, the Plaintiffs

claimed that the Defendants:

"[A]cted jointly, together and reached an understanding, engaged in an ongoing course of conduct and joint action";

The conspiracy was evidenced "*inter alia*" as set forth in the Third Amended Complaint; and

That every Defendant shared an understanding, intent, and/or meeting the minds which deprived Plaintiffs of their constitutional rights.
[Doc. 76, ¶¶ 160-163, p. 38].

These are conclusory allegations which merely recite the elements but offer no factual basis that the

named Defendants "shared an understanding, intent, and/or meeting of the minds," instead simply

asserting that those elements were present.  Again, the allegations against Kennedy are extremely

specific, involve only his limited interaction with K.E.V., and do not provide a plausible factual basis

that he spoke to, let alone conspired with, the other individual Defendants on the date at issue.  The

Plaintiffs' failure to plead actual facts to show what Kennedy did or did not do in furtherance of the

conspiracy makes plain that the conspiracy count, added on the Plaintiffs' *fourth*  attempt to properly

plead their claims, is merely an attempt to avoid the dismissal of any of the named Defendants from

any claims. Such an attempt to avoid dismissal with such bare pleadings should not be countenanced.

Because the Plaintiffs have made no factual allegations as to Kennedy's participation in a conspiracy, any claim made for a conspiracy should be dismissed, with full prejudice.

## III.    CONCLUSION

As shown above, in four attempts to properly plead their claims, the Plaintiffs have only alleged that Kennedy committed a single allegedly tortious act: striking K.E.V. while he was handcuffed at the BRAVE Cave. That single, specific allegation is insufficient to properly plead claims against Kennedy for: (1) any allegedly unconstitutional searches of Varnado, K.E.V., K.A.V., T.R., or their residence; (2) any alleged unconstitutional seizure of Varnado, K.E.V., K.A.V., T.R., except the alleged use of force on K.E.V.; (3) any bystander liability/failure to intervene claims; (4) all claims under either the Fourteenth Amendment; (5) state law assault; (6) state law battery against Varnado, K.A.V., or T.R.; (6) state law Intentional Infliction of Emotional Distress; (7) state law claims for Due Process violations or for unreasonable search and seizure beyond the alleged strike against K.E.V. under the Louisiana Constitution. Further, along with their failure to plead facts which validly state a claim against Kennedy on those causes of action noted above, Plaintiffs additionally failed to show that Kennedy is not entitled to qualified immunity under federal or state law. Accordingly, Kennedy is also entitled to dismissal of the enumerated claims on qualified immunity grounds.

Respectfully Submitted:

**PROVOSTY, SADLER & deLAUNAY, APC**

By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
P: 318-767-3133        F: 318/767-9588
JOHN D. RYLAND (#20355)
jryland@provosty.com
P: 318-767-3177        F: 318/767-9588
ELI J. MEAUX (#33981)
emeaux@provosty.com
P: 318-767-3118        F: 318/767-9588
4615 Parliament Dr., Suite 200 (71303)
P.O. Box 13530
Alexandria, LA 71315-3530
ATTORNEYS FOR DEFENDANT,
DAVID KENNEDY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June, 2026, I electronically filed the MEMORANDUM IN SUPPORT OF SECOND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(b)(6) with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

| | |
|---|---|
| Ryan K. Thompson<br>660 Richland Avenue<br>Baton Rouge, LA 70806<br>(323)271-8032<br>Email: RKTsocialjustice@gmail.com<br><br>Jessica F. Hawkins<br>P.O. Box 5071<br>Baton Rouge, LA 70802<br>Email: jessicahawkins0421@gmail.com<br>(915) 217-9192<br>*ATTORNEYS FOR PLAINTIFFS,*<br>*LAKEISHA VARNADO, ET AL* | Brad Thomson<br>1180 N. Milwaukee Ave.<br>Chicago, IL 60642<br>773-235-0070<br>Email: brad@peopleslawoffice.com<br>*ATTORNEYS FOR PLAINTIFFS,*<br>*LAKEISHA VARNADO, ET AL* |

| Kyle Kershaw<br>212 Laurel Street<br>Baton Rouge, LA 70801<br>(225) 336-9600; Fax: (225) 709-1554<br>Email: kylekershaw@bellsouth.net<br>*ATTORNEYS FOR DEFENDANT,*<br>*JOSEPH CARBONI* | John S. McLindon<br>John S. McLindon<br>7967 Office Park Blvd., Suite B<br>Baton Rouge, LA 70809<br>225-408-0362<br>Email: john@mclindonlaw.com<br>*ATTORNEYS FOR DEFENDANT,*<br>*LORENZO COLEMAN* |
|---|---|
| Kyle P. Kirsch<br>Noah Ormond<br>Samuel John Peterson<br>Wanek Kirsch Davies LLC<br>1340 Poydras Street, Suite 2000<br>New Orleans, LA 70112<br>(504) 324-6493; Fax: (504) 324-6626<br>Email: kkirsch@wanekkirsch.com<br>Email: normond@wanekkirsch.com<br>Email: speterson@wanekkirsch.com<br>*ATTORNEYS FOR DEFENDANT,*<br>*TAFARI BEARD* | Michael Paul Schillage<br>Office of the East Baton Rouge Parish Attorney<br>222 St. Louis Street, Suite 902<br>Baton Rouge, LA 70802<br>(225) 389-3114; Fax: (225) 389-8736<br>Email: mschillage@brla.gov<br><br>Theresa Jessica Dorcelus<br>City of Baton Rouge<br>Parish Attorney<br>222 Saint Louis St, 9th Floor<br>Baton Rouge, LA 70802<br>225-389-3114<br>Email: tdorcelus@brla.gov<br>*ATTORNEYS FOR DEFENDANTS,*<br>*CITY OF BATON ROUGE/PARISH OF*<br>*EAST BATON ROUGE* |

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail and/or CMRRR to the following non-CM/ECF participants: NONE.

/s/ H. Bradford Calvit
OF COUNSEL

Page 23 of 23